DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Shelvia J. Zuschak, appeals from the judgment of the Summit County Domestic Relations Court. We reverse and remand.
Shelvia and defendant-appellee, Edward A. Zuschak, were married September 12, 1959. The parties were granted a divorce on July 7, 1997. In its order, the lower court found that during the last twenty-five years of marriage, Shelvia had acted as homemaker and mother and was not employed outside the home. The court found that Shelvia had no earning ability or retirement benefits, and that her only income was $200 per month in interest on a $40,000 inheritance which the parties stipulated to be her separate property. With regard to Edward, the court found that he was retired and receiving $2,513.65 per month gross from his Public Employees Retirement System pension (PERS) and $862.61 per month gross from Ohio Deferred Compensation, the latter of which would terminate after fifteen years of payments.
In its final order, the lower court determined "that an equal division of marital property and marital debt is appropriate." It then listed the parties assets and their stipulated values and divided them equally. The court failed, however, to include Edward's PERS or deferred compensation income on this list or to specifically address these funds anywhere in its conclusions. The court then ordered Edward to pay Shelvia $1,360 per month in spousal support, to be "terminated upon [Shelvia's] or [Edward's] death or [Shelvia's] remarriage" and subject to the court's continuing jurisdiction. Shelvia timely appeals this judgment, raising two assignments of error which we will discuss together.
 I. THE TRIAL COURT ERRED BY FAILING TO DIVIDE APPELLEE'S PUBLIC EMPLOYEES RETIREMENT SYSTEM PENSION AND OHIO DEFERRED COMPENSATION.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT A GREATER AMOUNT OF SPOUSAL SUPPORT.
"In divorce * * * proceedings, upon the request of either party and after the court determines the division or disbursementof property * * *, the court of common pleas may award reasonable spousal support to either party." (Emphasis added.) R.C.3105.18(B). "It is syllabus law in Ohio that a vested pension plan accumulated during marriage is a marital asset that must be considered in arriving at an equitable division of property."Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609, citing Holcombv. Holcomb (1989), 44 Ohio St.3d 128. In this case, the lower court never addressed Edward's PERS or deferred compensation income in its order. Therefore, upon a cursory reading, it appears the court ordered Edward to pay Shelvia $1,360 per month in spousal support without first fully distributing the marital property. This is contrary to the clear language of the statute. If we were convinced this was what the court did, we would be forced to find reversible error on this basis alone.
We are not convinced, however, that the court failed to account for Edward's retirement income. Both appellant and appellee have suggested in their appellate briefs that the lower court may have attempted to distribute Edward's retirement income by awarding Shelvia her share in the form of spousal support. Although the court never states this as its intent, it appears from the chronology of the findings of fact that this may be what the court attempted to do. Additionally, a review of the transcript reveals that Edward's net PERS income was $2,164.63 per month, and his net deferred compensation income was $754.99 per month, or $2,919.62 total. If the court then subtracted Shelvia's $200 per month interest income, for a total of $2,719.62, and divided by two, it would have arrived at a figure only pennies under the $1,360 awarded in spousal support. This further convinces us that this was the lower court's intent, although never expressly stated.
If, in fact, the court did use the spousal support award as a means of dividing Edward's retirement income, there would not necessarily be any error in doing so. The lower court has broad discretion in how it distributes retirement benefits. Layne v.Layne (1992), 83 Ohio App.3d 559, 564. In addition, the Ohio Supreme Court has explicitly recognized that one option to directly dividing a pension or retirement asset "where an employed spouse is receiving a pension at the time of the divorce, [is for] the trial court [to] consider the pension as earnings in determining the amount of alimony or support." Hoyt v. Hoyt
(1990), 53 Ohio St.3d 177, 182. What the court cannot lose sight of if it chooses this method of distribution, however, is that while the distribution is labeled "spousal support," it is, in reality, a property division. Because we believe the lower court did lose sight of this fact in this case, we must reverse and remand.
As previously indicated, the lower court specifically found that an equal division of marital property was appropriate here. In light of this determination and because Edward's vested retirement income was marital property, Bisker, supra; Holcomb,supra at 132, it should have been divided equally. However, the court ordered that Shelvia's "spousal support" would terminate upon Shelvia's remarriage. Assuming, as we are, that the court was using a "spousal support" award to effectuate the property division, we find this condition on Shelvia's share to be reversible error. Edward's retirement income is marital property. Shelvia is entitled to one-half of that income whether she eventually remarries or not. It was error, then, for the lower court to condition Shelvia's share of this marital asset on her future marital status.
We further find that the court erred by conditioning Shelvia's "spousal support" award on Edward's life, without having received any evidence on the plans' survivorship benefits.
 The rights and obligations associated with pension and retirement funds are contractual in nature. Pension and retirement plans are diverse * * *. Thus the trial court must understand the intricacies and terms of any given plan and, if necessary, require both of the parties to submit evidence on the matter in order to make an informed decision.
Hoyt, supra at 180-181 (footnote omitted). In this case, there is no indication as to what, contractually, is to become of these two sources of income upon Edward's death. The PERS pension provides payout options, some of which include payments to a spouse beyond the employee's death. Ohio's Deferred Compensation program provides for beneficiaries to receive the benefit in the event the employee dies prior to receiving all rightful payments. There is no mention in the record of this case as to what option Edward selected for his PERS distribution or whom he named as beneficiary on his deferred compensation. Nevertheless, the lower court ordered Shelvia's interests therein automatically terminated upon Edward's death. Because we think it possible, if not probable, that Shelvia is contractually entitled to some income from one or both of these sources should she survive Edward, it was error for the court to attempt to terminate her interest therein, having received no evidence on survivorship. Under the circumstances, we find it was necessary for the court to receive such evidence and, upon remand, this issue must be investigated and/or clarified.
Again, assuming the court was attempting to effectuate a property division using the calculation outlined above, we also find it may have been error for the court to reduce Shelvia's share of Edward's retirement income by subtracting $200, the amount Shelvia receives in interest income on her separate property. Although R.C. 3105.171(B) allows a court to consider separate property in making an equitable property division, here the court specifically determined that "an equal division ofmarital property" (emphasis added) was appropriate. By reducing Shelvia's share of marital property based on the income she received on her separate property, the division of marital
property was ultimately not equal. We remand this issue, as well, for reconsideration or clarification as to why it was equitable to reduce Shelvia's share of marital assets by the amount of income she received on her separate property.
Additionally, we must also address the fact that the lower court reserved for itself continuing jurisdiction over this "spousal support" award. This is something that would not be appropriate with a property division. See Tomasik v. Tomasik
(Jan. 29, 1997), Summit App. No. 17822, unreported. Because this issue was not specifically raised as error and because the court labeled this division "spousal support," we will not, at this time, find reversible error in the court's retention of jurisdiction. We note, however, that the only instance we foresee in which a modification would be appropriate in this case would be upon the fifteenth and final year Edward receives deferred compensation benefits, at which time he should not be required to continue paying Shelvia fifty percent of a benefit he no longer receives. At that time, his "spousal support" obligation should be decreased accordingly. We note, however, that because the court knows this benefit will terminate upon a date certain, the better way to deal with it would be to simply account for it in the original order. By doing so, Edward would not be forced to eventually apply for an inevitably necessary modification, and the court would not be issuing a highly questionable order by retaining jurisdiction over what is, in essence, a property division.
In summary, it is unclear what the lower court was attempting to accomplish in this case. If, in fact, the court was simply awarding spousal support independent of Edward's retirement income, we find the court erred in doing so prior to properly distributing all of the marital assets. If, as we have assumed, the court was attempting to divide Edward's retirement income by awarding Shelvia her share through a spousal support award, we find the court erred by conditioning Shelvia's interest on her future marital status. We also find the court quite possibly erred by conditioning her interest on Edward's life, by counting her separate income against her, and by retaining jurisdiction to modify the award. For these reasons, Shelvia's assignments of error are well taken. We reverse and remand to the lower court for reconsideration and clarification in light of the issues discussed herein.
Judgment reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _________________________________ DANIEL B. QUILLIN, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR