OPINION
Plaintiff-appellant Delmar Rose (hereinafter "husband") appeals the March 30, 1998 Judgment Entry of the Morrow County Court of Common Pleas, Domestic Relations Division, which divided the parties' retirement benefits. Defendant-appellee is Judith K. Rose (hereinafter "wife").
 STATEMENT OF THE FACTS AND CASE
The parties to this action married on March 29, 1957. Four children were born as issue of the marriage. Each child was emancipated by February 8, 1994, the date Husband filed for divorce. Husband retired from General Motors in 1985 due to a disability. At the time of the proceedings, Wife was employed with K-Mart. Throughout the marriage, wife was the primary care giver for the children. In December, 1990, Husband left the marital residence. In February, 1991, wife was injured in a plane crash. Due to the injuries she suffered in the accident, appellant received a settlement from U.S. Air in the amount of $120,000. Husband filed a complaint for divorce on February 8, 1994. Wife answered and filed a counterclaim. The matter proceeded to trial on June 10, 1996. The magistrate issued a report on August 16, 1996. The magistrate awarded wife one half of Husband's pension from General Motors with surviving spouse status. Magistrate's Report, Aug. 16, 1996, pp. 10-11. Husband filed objections to the Magistrate's Report on August 30, 1996, arguing wife's personal injury settlement, although not marital property, should have been considered in the division of marital property. On October 11, 1996, the trial court filed a Judgment Entry awarding husband the entire General Motors pension. Wife appealed, and on April 11, 1997, this Court reversed and remanded the matter to the trial court for a re-examination of the division of marital property. On remand, the magistrate held a hearing on January 23, 1997. By "Proposed Decision and Entry" filed February 17, 1998, the magistrate divided each party's private retirement account equally based on appraisals of the then present value of the accounts. Husband filed his objections to the magistrate's Decision on March 13, 1998, alleging the division should have been equitable rather than equal. Wife responded to husband's objections on March 19, 1998. In a March 30, 1998 Judgment Entry, the trial court conducted an independent analysis of the law and facts and modified the magistrate's order. It is from this judgment entry husband prosecutes this appeal assigning the following as error:
WHETHER THE TRIAL COURT'S FAILURE TO CONSIDER ALL RELEVANT FACTORS LISTED IN OHIO REVISED CODE 3105.171(F) CONSTITUTES AN ERROR OF LAW AND AN ABUSE OF DISCRETION.
This is the second time this case has been before us on appeal. In the first appeal, the issue was whether the trial court properly considered wife's personal injury settlement when it awarded husband his entire pension. On remand we ordered the trial court to make an equitable division of the parties' pension benefits in light of the factors announced Hoyt v. Hoyt (1990), 53 Ohio St.3d 177. Further, we specifically instructed the trial court to disregard the wife's personal injury settlement in making this determination. Our order stated, in pertinent part: Based upon the above testimony, since none of the personal injury settlement proceeds were for lost wages or medical expenses, we find the trial court abused its discretion when it considered appellant's personal injury settlement in dividing the parties' marital property. * * *
We find the trial court abused its discretion when it failed to consider appellee's pension from General Motors to be "marital property" and therefore subject to division. Because appellant's personal injury settlement is not to be considered in the division of marital property, to not award a portion of appellee's pension to appellant would result in an inequitable division of marital assets.
 (Emphasis added). We now believe this instruction was in error. While it is true wife's personal injury settlement was "separate property," R.C. 3105.171
requires the trial court to consider the assets and liabilities of the spouses when making a division of marital property: (F) In making a division of marital property and in determining whether to make the amount of any distributive award under this section, the court shall consider all of the following factors:
* * *
(2) The assets and liabilities of the spouses;
(Emphasis added).
Because wife's personal injury settlement was an asset, the trial court was required to consider it, even though it was separate property. To the extent we instructed the trial court to disregard a separate property asset in its consideration of an appropriate division of marital property, our decision was incorrect. Accordingly, that portion of Rose v. Rose (April 11, 1997), Morrow App. No. 840, unreported, is hereby overruled. Notwithstanding today's ruling, we are mindful of the doctrine of the law of the case. That doctrine requires after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes law of the case, and must be followed by the lower court in subsequent proceedings in that case. Stemen v. Shibley (1982), 11 Ohio app.3d 263, 265. A trial judge is without authority to resolve the law at variance with the mandate of the Court of Appeals. Id. The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution, designating a system of superior and inferior courts, each possessing a distinct function. Id. The Constitution does not grant to a Court of Common Pleas jurisdiction to review a prior mandate of a Court of Appeals. Id. In his sole assignment of error, husband argues the trial court failed to consider all relevant factors listed in R.C. 3105.171(F) and therefore, the trial court's final division of pension assets was in error. Essentially, husband makes the same argument which was at the center of the first appeal: whether the trial court erred in considering wife's personal injury settlement in making a determination of separate property. In reviewing the equity of a division of marital property pursuant to R.C. 3105.171, we will not disturb the trial court's judgment absent a showing the trial court abused its discretion in formulating its division. Martin v. Martin (1985), 18 Ohio St.3d 292, 294. Therefore, we cannot substitute our judgment for that of the trial court's unless, when the considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. On remand, the trial court was ordered to consider the factors set forth in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, in determining an equitable division of husband's pension from General Motors and wife's pension funds. Hoyt held, in pertinent part: When determining what is an equitable distribution of retirement benefits, the trial court must consider the following factors: (1) the circumstances of the case; (2) the status of the parties; (3) the nature, terms and conditions of the pension or retirement; and (4) the reasonableness of the result. Hoyt, supra53 Ohio St.3d, 177, syllabus par. 1.
We find no abuse of discretion in the trial court's decision to divide husband's and wife's pension funds equally after consideration of the Hoyt factors. While the trial court may not have considered wife's personal injury settlement in making this determination, any such error was due to the express order of this Court, and the law of the case. Accordingly, husband's sole assignment of error is overruled. The judgment of the Morrow County Court of Common Pleas, Domestic Relations Division, is affirmed. By Hoffman, J. Wise, P.J. concur. Edwards, J. dissents.