OPINION
The present appeal emanates from the decision of the Monroe County Court of Common Pleas, Domestic Relations Division, which granted a divorce to Robert and Sharon Heslep. For the reasons set forth below, the decision of the trial court is affirmed in part, reversed in part and this matter is remanded for further proceedings consistent with this court's opinion herein.
 I. FACTS
Robert Heslep ("appellee") and Sharon Heslep ("appellant") were married on May 7, 1983 in Flushing, Ohio.[1] One child was born issue of the marriage, Kayla Nichole Heslep. On February 3, 1999, after 15 years of marriage, appellee filed a complaint for divorce in the Monroe County Court of Common Pleas. Appellant subsequently filed her answer and counterclaim for divorce to which appellee replied on April 1, 1999.
The trial court held the final hearing in regards to the parties' pleadings on May 25, 1999. During the hearing, both parties testified and provided evidence as to the value of various marital and non-marital assets. The trial court entered its judgment on June 25, 1999 granting the parties a divorce on the grounds of incompatibility. Appellant was named residential parent of the parties' minor child while appellee was provided liberal visitation rights. Pursuant to the child support guidelines, appellee was ordered to pay child support to appellant for the benefit of the minor child until the child reached the age of eighteen or graduated from high school, whichever was later. Moreover, appellee was ordered to pay spousal support in the amount of $250 per month which was to continue until the minor child graduated from high school or appellant cohabitated with another individual. Through its entry the trial court also divided the parties' assets, pensions and property; ordered that the parties' business continue to be operated as it had been in the past; and ordered appellee to assist in providing appellant health care coverage through his employer for a period of three years.
It is from this decision which appellant filed a timely notice of appeal on July 23, 1999. Appellee filed a motion to stay payment of spousal support and health insurance premium payments which the trial court ultimately granted on the condition that said amounts be placed in an interest-bearing account pending the outcome of the appeal. Additionally, appellee filed a timely cross-appeal on July 30, 1999.
 II. ASSIGNMENT OF ERROR
Appellant raises a single assignment of error on appeal which reads as follows:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN THAT THE PROPERTY DIVISION ORDERED BY THE TRIAL COURT WAS NEITHER EQUAL NOR EQUITABLE."
Under appellant's sole assignment of error, it is argued that the trial court divided the parties' marital assets in a manner which unreasonably favored appellee. Pursuant to appellant's calculations, appellee received approximately $157,000 worth of property while she only received $86,000 worth of property. Said assets included two parcels of real estate, two vehicles, various household items and a variety of investment and bank accounts. This alleged large disparity in values is argued to illustrate an abuse of discretion on behalf of the trial court as the court did not comply with the dictates of R.C. 3105.171. Moreover, appellant asserts that the trial court's failure to express any rationale for the allocation of property was contrary to Ohio Supreme Court precedent. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93. Absent the proper justification for the division of property, appellant contends that the trial court's decision must be reversed and this matter remanded for further consideration.
Appellee responds to this assertion by making the unsubstantiated allegation that the trial court's division of property was equitable as required by statute. According to appellee's calculations, appellant actually received $160,000 worth of property while he only received $129,000 worth of property. Much of appellee's miscalculation is do to the fact that he includes in appellant's portion of the property division an $85,000 bank account. However, the trial court clearly stated in its judgment entry that this account was the wife's separate property and thus, was not to be included when dividing marital assets. It is unclear how appellee arrives at the belief that this account is to be included in the property division calculations when the trial court clearly and unequivocally stated that the funds are "not deemed to be marital assets" and the funds "shall be retained solely for the benefit of Defendant [appellant] and members of her family."
 A. APPLICABLE LAW
A trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. Therefore, the trial court's order will be upheld on appeal absent a showing of an abuse of discretion. Martin v.Martin (1985), 18 Ohio St.3d 292, 294. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Hence, we cannot substitute our judgment for that of the trial court unless after considering the totality of the circumstances it is determined that an abuse of discretion occurred. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
While a trial court enjoys broad discretion when dividing marital property, said discretion is by no means unbridled.Bisker, supra. R.C. 3105.171(C) provides guidance to trial courts as to how marital property must be divided. The statute provides in relevant part as follows:
 "(C) (1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." (Emphasis added).
Moreover, R.C. 3105.171(G) mandates that a trial court make written findings of fact that support the determination that marital property has been divided equitably. This section of the statute echoes the view of the Ohio Supreme Court as articulated in Kaechele, supra, whereby the court held that a trial court must set forth the basis for its division of property in sufficient detail so as to permit a meaningful review on appeal. Id. at 97. Similarly, if the trial court fails to consider the factors set forth in R.C. 3105.171(F) in arriving at its division of marital property, it will constitute an abuse of discretion. Bisker,supra.
 B. ANALYSIS
A review of the trial court's judgment entry in conjunction with the record leads this court to the conclusion that the decision of the trial court as to the division of marital property must be reversed and this matter remanded for further consideration. A reversal is required in that the trial court did not provide sufficient written findings to justify the division of marital property. See R.C. 3105.171(G) and Kaechele, supra.
Through appellee's testimony at the final hearing, it was established that the "marital residence" was in fact purchased by him from his grandmother prior to the marriage. The original purchase price was $20,000. However, during the course of the marriage appellee continued to make payments on the house from marital funds and made various improvements to the property. The total amount of money expended on house payments and improvements during the course of the marriage was estimated to be $22,000. At the time of the hearing, the value of the house was estimated to be $73,000.
The problem which arises is that the trial court did not determine what portion of the $73,000 was to be considered marital property and what portion was to be considered appellee's separate property. Such a valuation is necessary to determine whether the property division was in fact equitable. This is particularly important in the case at bar as the marital residence represented the single largest asset in the parties' possession. As the case presently stands, we are unable to determine what portion of the $20,000 purchase price appellee had paid prior to the parties' marriage. It could have been as little as a few thousand dollars or appellee may have had a single payment remaining when the parties married. Additionally, it cannot be determined from the trial court's entry whether the appreciation in the value of the residence was due to the improvements which were made or whether inflation and the housing market in general accounted for the increase in value. This information is critical as any passive income on separate property would also qualify as separate property. See R.C. 3105.171 (A) (6) (a) (iii). However, in the event the appreciation in value is attributable to the use of marital funds and/or labor, such value will be held to be marital property. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,400-401; Fergus v. Fergus (1997), 117 Ohio App.3d 432, 440.
This court has previously dealt with a similar situation inFergus, supra. In that case, the trial court determined that the marital residence had a stipulated value of $70,000 with a total of $37,500 in mortgages outstanding. Said residence was originally purchased prior to the time that the parties were married. As a result of the mortgages on the property, the parties had equity in the home totaling $32,500. Of this equity, the trial court found $16,500 to be premarital, separate property while the remaining $16,000 was to be characterized as marital equity. However, on appeal we held that the trial court's determinations were not supported by the record. Id. at 440. While the parties did make $6,000 worth of improvements to the house during the marriage, it was never determined to what extent these improvements contributed to the appreciation of the home's value. Id. We held that without support for the trial court's conclusory statements, it could not be established with any certainty as to precisely what portion of the house was to be considered marital property and what portion remained separate property. Id. Therefore, the matter was remanded so the trial court could reevaluate the marital equity in the marital residence, cite its reasons for its determination and distribute it accordingly. Id. at 441.
Similarly, in the case at bar the trial court failed to provide written findings which justified its allocation of the marital residence. Specifically, the trial court did not delineate what portion of the residence's value retained its character as separate property and what portion was to be considered marital property. Having not been presented with these evaluations and the bases for such, this court is unable to conclude whether the division of marital property was either equal or equitable. Hence, the decision of the trial court is reversed and this matter is remanded so the trial court may establish the appropriate values and justify its division of marital property.
We would further note that the trial court's judgment entry does not indicate that the court considered the factors set forth in R.C. 3105.171(F) as related to the division of marital property. As previously discussed, such a consideration is necessary in order to avoid a reversal on abuse of discretion grounds. R.C. 3105.171(C) (1) and Bisker, supra. While the trial court need not exhaustively itemize each and every factor in its judgment entry, there must still be clear indication that the statutory factors were considered and played a role in the ultimate division of property. Hence, on. remand the trial court is additionally advised that it must illustrate consideration of the factors set forth in R.C. 3105.171(F) when redividing the marital assets. Moreover, the trial court should provide written findings which unequivocally demonstrate that property has been divided equitably, if not equally.
For the foregoing reasons, appellant's sole assignment of error is determined to have merit.
 III. APPELLEE'S FIRST CROSS-ASSIGNMENT OF ERROR
Appellee's first cross-assignment of error reads as follows:
 "IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO AWARD SPOUSAL SUPPORT IN THIS CASE BECAUSE IT WAS NOT BASED ON NEED."
Under appellee's first cross-assignment of error, it is argued that the trial court abused its discretion by awarding spousal support when appellant did not "need" said support. It is appellee's position that appellant has the resources and ability to be self-supporting and, as such, spousal support was not warranted. Since the trial court awarded support beyond that which was needed, appellee opines that the decision of the trial court should be reversed. Appellee bases this belief on the Ohio Supreme Court's decisions in Kaechele, supra and Wolfe v. Wolfe
(1976), 46 Ohio St.2d 399 which stand for the proposition that "[s]ustenance alimony is based on need." Kaechele at 95.
However, this court has stated on numerous occasions that spousal support awards are no longer predicated on need. Olenikv. Olenik (Sept. 18, 1998), Mahoning App. No. 94-CA-139, unreported at 3 citing Tomovcik v. Tomovcik (Jan. 22, 1997), Jefferson App. No. 95-JE-22, unreported; White v. White (Jan. 21, 2000), Mahoning App. No. 98-CA-11, unreported at 4. On the contrary, R.C. 3105.18, as amended January 1, 1991, directs courts to consider the appropriateness and reasonableness of spousal support rather than whether or not it is a necessity. Olenik andWhite, supra. As a result, appellee's reliance upon Kaechele andWolfe is misplaced as these cases analyzed spousal support prior to the 1991 statutory amendments which changed the focus of a court's inquiry. Consequently, even if appellee were able to demonstrate the lack of an absolute necessity to the amount of spousal support awarded, this court would still be compelled to determine whether the award was appropriate and reasonable pursuant to R.C. 3105.18. While appellant may be able to survive on her own income, an award of spousal support may still be appropriate to achieve a reasonable standard of living which resembles that which was enjoyed during the marriage. Olenik,supra at 4.
Therefore, appellee's first assignment of error is held to lack merit. We will now turn to appellee's second assignment of error which addresses whether the spousal support award was justified as being appropriate and reasonable pursuant to the factors set forth in R.C. 3105.18.
 IV. APPELLEE'S SECOND CROSS-ASSIGNMENT OF ERROR
Appellee's second cross-assignment of error reads as follows:
 "THE TRIAL COURT ERRED BY ONLY CONSIDERING THE DIFFERENCE IN THE INCOME OF THE PARTIES WITHOUT CONSIDERING ANY OF THE OTHER FACTORS WHEN DECIDING WHETHER OR NOT SPOUSAL SUPPORT WOULD BE APPROPRIATE AND REASONABLE."
As an alternative to the argument proposed in his first cross-assignment of error, appellee additionally argues that the trial court erred in awarding spousal support as it relied upon only one of the factors set forth in R.C. 3105.18(C) rather than considering all of said factors. Particularly, appellee alleges that the trial court only considered the parties' respective incomes in deciding to award $250 per month in spousal support. Appellee asserts that if the trial court had considered other factors set forth in R.C. 3105.18(C), it would have been compelled to conclude that spousal support was not warranted. For instance, although appellant is the residential parent and works at the, business owned by the parties, appellee is of the belief that appellant has a much higher earning ability than that stated by the trial court. Appellee argues that appellant is physically and mentally capable of acquiring a second position of employment in order to boost her yearly earnings. Appellee also contends that the trial court did not consider appellant's assets when awarding spousal support. Finally, appellee makes the "ingenious" argument that the child is thirteen years old and thus, has the ability to work outside the home. Employment by the minor child is viewed as alleviating the need for support. Apparently, appellee is of the belief that the minor child should be compelled to work and is in a better position than he is to support both herself and her mother. Based upon these observations, appellee concludes that appellant is capable of supporting herself without the aid of spousal support.
 A. APPLICABLE LAW
A trial court derives its authority to award spousal support in a divorce action from R.C. 3105.18. This section states in relevant part as follows:
 "(C) (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable."
This court has previously held that in awarding spousal support, a trial court must consider all of the factors set forth in R.C. 3105.18(C) and not base its determination upon any one factor taken in isolation. Burkhart v. Burkhart (Dec. 31, 1998), Belmont App. No. 96-BA-71, unreported at 3 citing Kaechele, supra.
However, we have also held that a trial court need not specifically review every factor of R.C. 3105.18(C) in detail in its judgment entry, but rather must simply indicate the basis for its award in sufficient detail to enable a reviewing court to determine whether the award was fair, equitable and in accordance with the law. Ervin v. Ervin (July 16, 1999), Mahoning App. No. 96-CA-177, unreported at 4.
As aforementioned herein, an award of spousal support is to be based upon that which is appropriate and reasonable rather than merely the need of the recipient. R.C. 3105.18(C); White andOlenik, supra. An award of spousal support will be viewed as being reasonable if it is, "fair, proper, just, moderate, suitable under the circumstances, [and] [f]it and appropriate to the end in view." White, supra at 4 quoting Olenik, supra. In the event a trial court's decision is required to be reasonable, we are guided by the presumption that the court's findings are correct. Fockev. Focke (1992), 83 Ohio App.3d 552, 555 citing In re Jane Doe 1
(1991), 57 Ohio St.3d 135. This presumption is overcome and a reviewing court shall reverse an award of spousal support only if, after considering the totality of the circumstances, an abuse of discretion by the trial court is discovered. White, supra citingKasmer v. Kasmer (Aug. 26, 1999), Mahoning App. No. 98-CA-132, unreported.
 B. ANALYSIS
A review of the trial court's judgment entry as it relates to the issue of spousal support leads this court to the conclusion that the trial court provided ample support for its decision to award appellant $250 per month in spousal support. The trial court's basis for this decision reveals that the award was both reasonable and appropriate.
While appellee alleges that the spousal support award was based upon only one of the factors set forth in R.C. 3105.18(C), such is not the case. The court acknowledged the fact that the parties were married for sixteen years prior to the initiation of divorce proceedings. R.C. 3105.18(C) (1) (e). Additionally, the court analyzed the income which both parties were receiving at the time the hearing was conducted. R.C. 3105.18(C) (1) (a). Pursuant to the testimony at the final hearing, the trial court discovered that appellant received approximately $13,000 annually from the parties' greenhouse business. Said amount was appellant's sole source of income prior to the divorce. Appellee received a combined total of approximately $55,000 annually from his employment at Ormet Rolling Mill, his work at the parties' greenhouse business and rental income. By awarding appellant $250 per month in spousal support, the trial court essentially raised appellant's income to $16,000 per year while lowering appellee's income to $52,000 per year. The trial court further acknowledged that the parties had acquired various assets during the course of the marriage in addition to the business which had been established. R.C. 3105.18(C) (1) (i). All of said assets were itemized by the trial court in its judgment entry when it discussed the division of marital property.
In addition to these factors, the trial court discussed at length in its judgment entry the various retirement benefits available to appellee and divided such pursuant to a Qualified Domestic Relations Order. R.C. 3105.18(C) (1) (d). As to the remaining factors, many are irrelevant to the case at bar. For instance, both R.C. 3105.18 (C) (1) (f) and (k) would be inapplicable as while appellant is in fact the residential parent of the parties' minor child, she still chose to work at the parties' business in order to receive an income. Furthermore, there is no indication in the record that either R.C. 3105.18(C) (1) (j) or (in) would apply to the parties as their employment was not reliant upon any specialized training and both parties were employed despite their marital responsibilities.
As to appellee's arguments in opposition to the award of spousal support, they are wholly irrelevant and without merit. While appellant may "physically" be able to acquire a second position of employment in order to alleviate the need for support, this would be extremely burdensome in light of the fact that she is already employed at the parties' greenhouse business and is the residential parent of the minor child. This court is not aware of any case law, nor has appellee pointed us to such, which requires an individual to work every waking hour of the day so as their ex-spouse can avoid paying spousal support. Any consideration of appellant's employment status would serve only to strengthen her entitlement, to spousal support rather than weaken it. Since she is employed and cares for the minor child, a court would be more inclined to award spousal support pursuant to R.C. 3105.18(C) (1) (f) and (n). Finally, appellee's assertion that the parties' thirteen year old daughter is capable of working to alleviate the need for support is so absolutely ludicrous it hardly deserves this court's attention. Again, appellee has provided no support either in statute or in case law which would require a court to take consideration of such a fact.
As previously stated, the trial court was not required to specifically review every factor set forth pursuant to R.C.3105.18 when it drafted its judgment entry granting an award of spousal support. Ervin, supra. On the contrary, what was required was the issuance of sufficient written findings so as to permit this court on review to determine whether the award was reasonable and appropriate. Id. Upon reviewing the trial court's reasoning, it is clear that ample reasoning was provided for the court's ultimate decision. The trial court's judgment entry reflects a consideration of the relevant factors set forth pursuant to R.C.3105.18. Based upon the duration of the marriage, the parties' income, the marital assets, the pensions, etc., the trial court reasonably determined that appellant should be awarded $250 per month in spousal support. In light of the totality of the circumstances, it cannot be held that the trial court abused its discretion. The reasonableness of the trial court's decision is further illustrated by the fact that it chose not to grant that amount of spousal support originally requested by appellant. while appellant requested an award of $400 per month, the trial court weighed the factors presented under R.C. 3105.18 and determined that a lesser amount was more appropriate. The trial court clearly did not make any attempt to equalize the parties' post-divorce incomes through a spousal support award.
For the foregoing reasons, the decision of the trial court is affirmed in part, reversed in part and this matter is remanded so as the trial court may readdress the division of marital property and issue a second judgment entry which clearly sets forth a division which is either equal or equitable as required by R.C.3105.171. Additionally, the trial court is reminded to lift the stay which had been originally imposed and to have all funds contained in the interest bearing account turned over to appellant.
Cox, P.J., concurs. Donofrio, J., concurs.
 __________________________ JOSEPH J. VUKOVICH, JUDGE
[1] Although Robert Heslep is technically "plaintiff-appellee/cross-appellant" due to the fact that he alleges cross-assignments of error on appeal, he will simply be referred to as "appellee" herein for the purposes of clarity. Similarly, Sharon Heslep will be referred to as "appellant" rather than "defendant-appellant/cross-appellee."