DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Arthur J. Shepard, appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division. We affirm in part and reverse in part.
 I.
Arthur and Susan Shepard were married on October 3, 1981 and had three children during their marriage. Prior to marriage, in 1975, Mr. Shepard acquired real estate located on Belle Avenue, in Lakewood, Ohio for $37,900. He refinanced the Belle Avenue property in 1977, in order to purchase land on Lance Road, in Medina County, Ohio for approximately $13,900. The marital residence was eventually built on the Lance Road property. In 1985, the Belle Avenue property was jointly titled under both parties' names. Similarly, prior to marriage, Ms. Shepard purchased real property located on Alameda Avenue, in Lakewood, Ohio.
On January 19, 1996, Ms. Shepard filed a complaint for divorce in the Medina County Court of Common Pleas, Domestic Relations Division. A hearing was held, commencing on March 3, 1998, during which both Mr. and Ms. Shepard presented evidence regarding the division of property and the custody of their minor children. On April 15, 1998, the court granted the parties a divorce based on grounds of incompatibility. See R.C. 3105.01(K). In the same judgment entry, the trial court also divided the parties' property and awarded spousal support to Ms. Shepard. Regarding the division of the real property, the court designated Mr. Shepard's down payment on the Lance Road property and Ms. Shepard's down payment on the Alameda Avenue property as separate property, ordered that the three real properties be sold, and ordered that, after the payment of certain marital debts, the remaining proceeds be divided equally between the parties. Mr. Shepard appeals the trial court's division of property and award of spousal support.
 II.
Mr. Shepard asserts three assignments of error. We will discuss each in turn.
 A. First Assignment of Error 1. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN THE DIVISION OF PROPERTY.
 A. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION BY FAILING TO INITIALLY DETERMINE MARITAL AND SEPARATE PROPERTY.
 B. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN FAILING TO AWARD THE APPELLANT HIS SEPARATE PORTION OF THE APPRECIATION IN THE REAL ESTATE PARCELS LOCATED AT BELLE STREET IN LAKEWOOD AND LANCE ROAD IN MEDINA.
 C. THE TRIAL COURT [sic] PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN DIVIDING THE MARITAL ESTATE BASED ON INSUFFICIENT EVIDENCE.
In his first assignment of error, Mr. Shepard contends that the trial court erred in its division of the Lance Road and Belle Avenue properties. Essentially, Mr. Shepard argues that the parties did not supply the court below with sufficient evidence for the court to accurately determine the value of the separate property on the two aforementioned properties, and therefore, the trial court, sua sponte, should have instructed the parties to produce additional evidence of valuation. We disagree.
It is well-settled that a party seeking to establish that certain real property or a portion thereof as separate property has the burden of proof by a preponderance of the evidence. Peck v. Peck (1994),96 Ohio App.3d 731, 734. In the instant case, despite having this burden, Mr. Shepard did not present any evidence as to the value of the two properties as of the date of marriage. He also failed to adduce any evidence regarding the improvements that he made to the Belle Avenue property prior to marriage or any evidence regarding a reduction in the mortgage made by him before marriage. Mr. Shepard now claims that the trial court erred in its division of property because it did not give him credit (as separate property) for the value of the properties as of the date of marriage and did not award him passive appreciation based on those values. See R.C. 3105.171(A)(6)(a)(ii)-(iii). He urges this court to find that the trial court erred by failing to instruct him to produce additional evidence so that the court could make such determinations. We, however, decline to place such a burden on the trial court in this instance. Rather, we conclude that by failing to raise these specific issues of valuation below and present evidence in support of his contentions during the hearing, Mr. Shepard waived these arguments on appeal. See Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210
(finding that a reviewing court will not consider any error on appeal, which counsel for a party could have called to the attention of the lower court, but did not). Mr. Shepard's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT AWARDED APPELLEE ONE-HALF OF APPELLANT'S FIDELITY GENERAL MOTORS PERSONAL SAVINGS PLAN AFTER PAYMENT OF THE OUTSTANDING LOANS WITHOUT IMPLEMENTING A MEANS FOR THE REPAYMENT OF THE LOANS AT THE PRESENT TIME.
In his second assignment of error, Mr. Shepard contends that the trial court erred by not setting up a mechanism for paying the debt on the Fidelity General Motors Personal Savings Plan ("savings plan").[1] We agree.
In divorce proceedings, the trial court must divide marital property in an equitable manner. R.C. 3105.171(C)(1). The trial court is vested with broad discretion when fashioning this division. Bisker v. Bisker (1994),69 Ohio St.3d 608, 609. Thus, absent an abuse of discretion, the trial court's division of marital property and allocation of marital debt will be upheld. See Buckeye v. Buckeye (Dec. 29, 2000), Portage App. No. 99-P-0086, unreported, 2000 Ohio App. LEXIS 6210, at *4. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In the present case, Mr. Shepard presented evidence setting forth the debts due and owing on the savings plan as of August 31, 1997 and stipulated that he had been making payments toward these loans. During the hearing, Mr. Shepard asked that the court give Ms. Shepard a share of the savings plan after subtracting the loans; however, in its judgment entry, the trial court ordered that "[t]he parties shall divide equally by QDRO [qualified domestic relations order] or other appropriate order, [Mr. Shepard's] Fidelity General Motors Personal Savings Plan, Stock Fund and Income Fund after pay-off of all loans." (Emphasis added.) Although the court listed the "[l]oans against General Motors savings plan" as joint debt, rather than separate debt, the court did not explicitly allocate this debt between the parties.[2] It was error not to do so. See Robinson v. Robinson (July 17, 2000), Madison App. No. CA99-12-031, unreported, 2000 Ohio App. LEXIS 3190, at *6.
We note that had counsel presented more evidence, the trial court's task would have been much easier. Nevertheless, we conclude that the trial court abused its discretion by failing to explicitly set forth the allocation of the marital or joint debt regarding the savings plan, and therefore, we remand this case to the trial court for a determination of this narrow issue. Mr. Shepard's second assignment of error is sustained.
 C. Third Assignment of Error THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT AWARDED APPELLEE SPOUSAL SUPPORT WITHOUT CONSIDERING THE FACTORS SET FORTH IN O.R.C. 3105.18 OR DETERMINING THE NEEDS OF THE APPELLEE.
In his third assignment of error, Mr. Shepard avers that the trial court committed prejudicial error when it awarded Ms. Shepard spousal support[3] without considering the factors set forth in R.C. 3105.18 or determining her needs. We disagree.
A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C. 3105.18(B). R.C.3105.18(C)(1) sets forth various factors that the court must consider in fashioning an award of spousal support:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
R.C. 3105.18(C)(1). We review a spousal support award under an abuse of discretion standard. Schneider v. Schneider (1996), 110 Ohio App.3d 487,494. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore,5 Ohio St.3d at 219.
In its decision, the trial court states that the spousal support award was made upon consideration of the factors set forth in R.C. 3105.18(C)(1). The trial court noted that that Mr. Shepard's total annual income was $67,547, that he was 51 years old and in good health, and had retirement benefits through his employment. On the other hand, the court found that Ms. Shepard earned $13,936 per year and had limited employment skills. At the time of the hearing, she was 47 years old and in good physical health, but had been in counseling for depression. The court also considered the relative education and training of the parties, among other factors. Additionally, the court concluded that during the marriage, the Shepards had a modest standard of living and that Mr. Shepard worked and Ms. Shepard managed the household. After a thorough review of the record, we conclude that the trial court did not abuse its discretion in its award of spousal support. Mr. Shepard's third assignment of error is overruled.
 III.
Mr. Shepard's first and third assignments of error are overruled. His second assignment of error is sustained. Accordingly, the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for a determination of the allocation of the marital debt only as to the savings plan and any other appropriate proceedings.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J. WHITMORE, J. CONCUR
[1] Mr. Shepard has worked for General Motors for numerous years.
[2] It is unclear from the judgment entry how the debt from the loans on the savings plan was to be allocated. However, it appears that the court may have intended to divide this debt equally between the parties because it was listed by the court as joint debt and all other joint debt was allocated equally — the other joint debt was paid from the proceeds of the sale of the properties and the remaining profit from the sale of the properties (after the disbursement of separate property arising from the real estate) was divided equally between Mr. and Ms. Shepard.
[3] In its award of spousal support, the trial court ordered Mr. Shepard to continue to pay the mortgage on the Lance Road property and stated that these payments would be in lieu of spousal support until the sale of the property. The court further ordered that after the sale of the Lance Road property, Mr. Shepard was to pay $1,500 per month in spousal support, plus two percent processing charge, for the remaining period of 24 months from May 1, 1998. Thereafter, Mr. Shepard was required to pay $1,000 per month in spousal support until December 31, 2002, unless certain conditions of termination, i.e. Ms. Shepard's remarriage, occurred.