OPINION
Rex A. Manemann appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, which dissolved his marriage to Mary E. Manemann, now known as Mary E. Heineman ("Heineman"), and divided their marital property.
Manemann and Heineman were married on May 1, 1981. On September 18, 1998, Heineman filed a complaint for divorce. On October 5, 1998, Manemann filed an answer and counterclaim for divorce. A hearing before a magistrate took place on May 13, 1999 and June 18, 1999. On June 30, 1999, the magistrate issued a decision that awarded each party a divorce and divided the marital property. Both parties filed objections to the magistrate's decision. The trial court overruled the parties' objections and adopted the magistrate's decision.
Manemann now appeals the trial court's decision and raises two assignments of error. Because the assignments are interrelated, we will address them together.
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO DIVIDE MARITAL PROPERTY EQUALLY AS REQUIRED BY REVISED CODE 3105.171.
 II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED [HEINEMAN] MORE THAN FIFTY PERCENT OF THE MARITAL ASSETS.
Manemann concedes that a trial court has equitable powers to make an unequal division of marital property. He states that the trial court made an unequal division of the marital property in this case because he received $11,520 less than he would have had the assets been divided equally. Manemann argues that, in making this unequal division of the property, the trial court erred by failing to give an explanation or justification for its unequal division.
A trial court has broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609,635 N.E.2d 308, 309. Thus, the trial court's order will be upheld on appeal absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292, 294, 480 N.E.2d 1112, 1114. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137,566 N.E.2d 1181, 1184 (quotation omitted).
Although the trial court enjoys broad discretion when dividing marital property, such discretion is not unbridled. Heslep v. Heslep (June 14, 2000), Monroe App. No. 825, unreported. R.C. 3105.171(C)(1) states that "[i]n making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." If the trial court fails to consider the factors set forth in R.C. 3105.171(F) when making a division of marital property, it will constitute an abuse of discretion. R.C. 3105.171(C)(1); Heslep, supra. Further, R.C. 3105.171(G) requires that a trial court make written findings of fact to support the determination that the marital property has been equitably divided. The Supreme Court of Ohio has likewise stated that a trial court must indicate the basis for its allocation of property between the parties "in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E.2d 1197, paragraph two of the syllabus; see Conley v. Conley (Jan. 13, 1993), Greene App. No. 92-CA-07, unreported.
Manemann argues that the trial court awarded Heineman $23,040 more than it awarded him in the division of the marital property. Heineman argues that the trial court's division of the property would be equal if the following were considered: the parties' anticipated social security benefits, "unaccounted for" cash that each of the parties allegedly spent during the pendency of the divorce proceedings, the nonexistence of one of the investment accounts that was awarded to her in the trial court's decision, and the court's error in requiring her to pay half of the parties' $12,000 tax liability despite Manemann's failure to pay the debt when he had been ordered to maintain all marital debts during the pendency of the proceedings.
We have reviewed the magistrate's decision which was adopted by the trial court. It appears to us that the marital property was divided unequally by the magistrate, despite the liquidity of a number of the items, including a certificate of deposit, investment accounts, stock, bank accounts, and cash. The values of those assets totaled more than $200,000. Thus, we believe that the magistrate could have divided the marital assets equally had he wished to do so. Further, although Heineman argues that a number of other considerations would make the division equal, we decline to consider those things because they are not discussed by the magistrate or trial court as a rationale for the property division.
Despite the magistrate's exhaustive listing of the marital assets and their values, including a thirteen page single-spaced listing of the parties' personal property, the magistrate did not set forth any reasoning for his unequal division of the marital property. The magistrate's decision did specifically state that some things would be given due consideration in the division of the marital assets, such as Manemann's argument that Heineman could have earned more interest income on cash that she had retained during the pendency of the divorce proceedings, the parties' anticipated social security benefits, and Manemann's expenditures for tax preparation and advice. Although the magistrate explicitly made these statements, they are not sufficiently detailed to enable us to determine that the unequal division was fair, equitable and in accordance with the law because the decision does not state in which party's favor each of the items would be considered or how a consideration of those items would result in an equitable division of the marital property.
Heineman argues that the trial court's unequal division of the marital assets was equitable because the trial testimony reveals Manemann's "financial misconduct, [his] misdirection of his own time, services and efforts to his paramour[,] and [his] dissipation of marital assets during the pendency of the divorce case." [Br.p. 3] The magistrate's decision did state that Manemann's $13,800 of pre-marital interest in a piece of real property would be offset against marital funds he spent "on behalf of his paramour and the daughter he has by wa[y] of his paramour." [Mag.p. 7] Although the magistrate made this statement, it is not clear whether the magistrate intended that offset, alone, to make the division of marital property equitable. Further, while the trial testimony might, in fact, reveal what Heineman alleges, neither the magistrate nor trial court made findings of fact regarding those issues. Thus, we are not in a position to determine whether the magistrate or trial court credited the testimony regarding the alleged facts underlying those arguments.
Because neither the magistrate nor the trial court provided sufficient written findings of fact to justify the division of the marital property, the court's decision must be reversed. See R.C. 3105.171(G); Heslep, supra. We also note that neither the magistrate's decision nor the trial court's decision indicated that the factors set forth in R.C.3105.171(F) were considered when the division of martial property was made. As we stated, supra, the trial court abuses its discretion when it makes a division of marital property without considering those factors. Although the trial court does not need to exhaustively itemize every R.C. 3105.171(F) factor, the court's decision must contain a clear indication that the statutory factors were considered before the division of property was made. Heslep, supra.
The first and second assignments of error are persuasive.
The portion of the trial court's judgment pertaining to the division of the marital property will be reversed and remanded. On remand, the trial court may, but is not required to, alter the division of the marital property if, in its discretion, it appears appropriate to do so. Regardless of whether the trial court alters the division, however, the trial court should illustrate consideration of the R.C. 3105.171(F) factors and make written findings of fact to support the determination that the marital property has been equitably divided.
GRADY, J. and YOUNG, J., concur.