OPINION JUDGMENT ENTRY
{¶ 1} Appellant Larry E. Snyder appeals the March 26, 2003, decision issued by the Stark County Common Pleas Court.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Larry E. Snyder and Virginia Snyder were married on August 12, 1981, and had one child during the course of their marriage.
{¶ 3} In addition to their marital residence, the parties owned two other properties, one located at 208 Ingall Street in Massillon, Ohio, and one located in West Virginia. The marital residence was valued at $102,000 with an indebtedness of $60,647. The marital residence was purchased for $48,000 in 1986 using $16,000 of Appellant's premarital property as a down payment. The West Virginia property was valued at $14,500 with an indebtedness of $10,743. The Ingall Street property was valued at $64,000 with a judgment against it in the amount of $25,185.
{¶ 4} On October 5, 2001, Appellee Virginia Snyder filed a Complaint for Divorce in the Stark County Court of Common Pleas.
{¶ 5} Appellant Larry E. Snyder filed an Answer, Counterclaim and a Restraining Order, which was granted that same day.
{¶ 6} On May 30, 2002, the case proceeded to trial before a magistrate. Said trial was completed on September 18, 2002.
{¶ 7} On December 2, 2002, the Magistrate filed a thirteen page decision on the parties' pending divorce action. Said decision provided for a marital distribution award that was "not equal, but it is equitable under the circumstances of this case." (Magistrate's Decision, #6 Findings of Fact). In this decision the Magistrate determined that Appellee committed financial misconduct when she accumulated debts during the pendency of the divorce in violation of a restraining order. These debts occurred on accounts that had no balance or on accounts that did not previously exist. These debts were found to be Appellee's separate debt since they were incurred through her financial misconduct. The magistrate also found that Appellee had failed to make her required $1,250.00 monthly deposits into the joint account for at least two months. The magistrate then went on to divide the marital property in an equitable, though not equal division. (See Exhibit A of Magistrate's Decision). The trial court adopted said decision in full after making an independent analysis of the issues, findings of fact and applicable law.
{¶ 8} Both parties filed objections to the Magistrate's Decision and a hearing was held on same before the trial court judge.
{¶ 9} On February 24, 2003, the trial court filed its Judgment Entry which adopted all of the Magistrate's findings of fact and conclusions of law but ordered the Ingall Street property to be sold and the proceeds to be divided equally between the parties.
{¶ 10} It is from this decision which Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 11} "I. The trial court erred as a matter of law in not issuing new findings of fact to support its modification of the Magistrate's Division of Marital Property.
{¶ 12} "II. The trial court erred as a matter of law in rendering a decision which did not conform with its findings of fact and which was against the manifest weight of the evidence.
{¶ 13} "III. The trial court erred as a matter of law to the prejudice of defendant-appellant by failing to uphold the Magistrate's Division of Marital Property, which was an equitable (but not equal) division due to the wife's Blatant financial misconduct. This decision was against the manifest weight of the evidence.
{¶ 14} "IV. The trial court abused its discretion in ordering the sale of real estate located at 208 Ingall with the proceeds to be divided equally among the parties. Said decision erroneously denied husband the distributive award granted in his favor by the Magistrate to punish the wife for her financial misconduct."
 I, II
{¶ 15} In his first two assignments of error, Appellant argues that the trial court erred when it failed to issue new findings of fact to support its modification of the Magistrate's Decision. We agree.
{¶ 16} The Magistrate, in his decision, created a nearly equal division of property with approximately 54% of the marital assets going to Appellant and 46% going to Appellee. The trial court, substantially modified the Magistrate's decision by ordering the Ingall Street Property to be sold and the proceeds to be divided equally between the parties resulting in an unequal distribution of 29% of the marital assets going to Appellant and 71% going to Appellee, the party who was found to have committed financial misconduct. The trial court did not enter new findings of fact to support this modification resulting in an unequal distribution.
{¶ 17} The Ohio Supreme Court has long recognized a trial court is vested with broad discretion in fashioning its division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609, 635 N.E.2d 308.
{¶ 18} R.C. § 3105.171(B) and (C)(1) provide that in a divorce proceeding, all marital property is to be divided equally unless an equal division would be inequitable. In that case, the marital property is to be divided in an equitable manner. The statute proposes an equal division of marital assets except where one spouse has dissipated, destroyed, concealed, or fraudulently disposed of marital assets. In that case, R.C. § 3105.17 permits the court to award the innocent spouse a greater amount of marital property.
{¶ 19} R.C. § 3105.171(E) permits the trial court to make a distributive award to facilitate, effectuate, or supplement a division of marital property, or in lieu of a division of marital property to achieve equity between the spouses, or to compensate one spouse for the financial misconduct of the other spouse.
{¶ 20} As stated above, if an equal division would produce an inequitable result, the property of the parties must be divided in such a way as the domestic relations court determines to be equitable. R.C. § 3105.171(D); Baker v. Baker (1992),83 Ohio App.3d 700, 702; King v. King (1992), 78 Ohio App.3d 599, 604. In making a division of marital property or a distributive award, the trial court is required to consider all nine factors listed in R.C. § 3105.171(F) and make written findings of fact to support its determination. See, R.C. § 3105.171(G).
{¶ 21} "(F) In making a division of marital property and in determining whether to make the amount of any distributive award under this section, the court shall consider all of the following factors:
{¶ 22} "(1) The duration of the marriage;
{¶ 23} "(2) The assets and liabilities of the spouses;
{¶ 24} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
{¶ 25} "(4) The liquidity of the property to be distributed;
{¶ 26} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
{¶ 27} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
{¶ 28} "(7) The cost of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
{¶ 29} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
{¶ 30} "(9) Any relevant factor that the court expressly finds to be relevant and equitable.
{¶ 31} Subsection (G) requires the trial court to "make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'"
{¶ 32} In making an unequal distribution, the trial court is required to enter written findings of fact supporting its decision. See, Szerlip v. Szerlip (August 20, 1998), Knox App. No. 97CA31, unreported.
{¶ 33} In reviewing an order on property division, this court will not disturb the trial court's decision absent a showing of an abuse of discretion. Martin v. Martin (1985),18 Ohio St.3d 292. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In addition, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. V. Foley Construction Co. (1978),54 Ohio St.2d 279.
{¶ 34} The magistrate in making the 54%-46% distribution of assets in favor of Appellant supported its slightly unequal division by finding that appellee engaged in financial misconduct by incurring new debt during the pendency of the divorce in contravention of the restraining order and by finding that Appellee had failed to make her monthly deposit of $1,250.00 into the joint account, as required by the temporary order, for at least two months.
{¶ 35} The trial court in modifying said division to award the spouse who committed the financial misconduct 71% of the parties' assets did not support said division with findings of fact.
{¶ 36} Our review of the record leads us to conclude the trial court abused its discretion in its division of the marital assets. Accordingly, Appellant's first and second assignments of error are sustained.
 III., IV.
{¶ 37} Based on our disposition of the first and second assignments of error, we find Appellant's third and fourth assignments of error to be moot.
{¶ 38} The judgment of the Stark County Court of Common Pleas is reversed and remanded for proceeding consistent with this opinion.
Boggins, J., Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded. Costs assessed to Appellee.