BISKER, APPELLANT, *v.* BISKER, APPELLEE.

[Cite as *Bisker v. Bisker* (1994), 69 Ohio St.3d 608.]

(No. 93–51—Submitted February 2, 1994—Decided July 27, 1994.)

*Zashin, Rich & Sutula Co., L.P.A., Robert I. Zashin* and *Bessie J. Cassaro,* for appellant.

*Avetis G. Darvanan,* for appellee.

MOYER, C.J.  It is syllabus law in Ohio that a vested pension plan accumulated during marriage is a marital asset that must be considered in arriving at an equitable division of property.  *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597.  The version of R.C. 3105.18 in effect at the time of the parties' original divorce required the trial court to consider the retirement benefits of the parties when dividing marital assets.  R.C. 3105.18(B)(3).  (135 Ohio Laws, Part II, 614.)  The trial court's duty in this regard remained the same when the second divorce decree was journalized.  However, in neither case did the trial court address appellee's vested pension fund as a marital asset subject to division.

A trial court is vested with broad discretion when fashioning its division of marital property.  *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183.  However, a trial court's discretion is not unbridled.  The award need not be equal, but it must be equitable.  *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293.  A reviewing court will not substitute its judgment for that of the trial court unless the trial court's decision is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.  At a minimum, the trial court must address the factors listed in R.C. 3105.18 in arriving at its decision.  To do otherwise is an abuse of discretion.  In all pertinent respects, the law is the same now as it was at the time of the parties' first divorce.

The record does not indicate that the trial court, at any juncture of the current proceedings, ever reviewed the retirement benefits of the parties as mandated by R.C. 3105.18.  The trial court's orders are therefore incorrect as a matter of law.  During the first divorce proceeding, the trial court did not conduct an independent review but, rather, took the parties' oral agreement at face value.  This error cannot be corrected by a subsequent remarriage.  The issue remained unsettled at the time of the second divorce and again was not addressed.  Instead of rectifying an earlier omission, the trial court compounded it and the court of appeals affirmed it.

The trial court erred as a matter of law and, therefore, this matter must be remanded for a review of appellee's pension benefits and their impact on the ultimate division of property.

By her second proposition of law, appellant argues that the antenuptial agreement executed prior to the parties' second marriage should not have been invalidated.  The court of appeals held that the trial court did not abuse its discretion in concluding that the parties were not adequately informed of their respective financial positions prior to the execution of the agreement.  Consequently, the requirements for a valid agreement were not met.  *Gross v. Gross* (1984), 11 Ohio St.3d 99, 11 OBR 400, 464 N.E.2d 500.  It seems paradoxical that appellant first argues that a full disclosure of pension rights was not made, but

then comes full circle to argue that full disclosure was made when this argument benefits her. Regardless of this apparent incongruity, the validity of the antenuptial agreement at issue was a question of fact best left to the trial court. That decision was not arbitrary or unconscionable and, hence, will not be overturned.

For the foregoing reasons, the judgment of the court of appeals is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.