OPINION
Defendant-appellant Peggy D. Callihan appeals the July 11, 1997 Entry of the Guernsey County Court of Common Pleas which granted the motion of plaintiff-appellee Robert Lee Callihan for an order to change the beneficiary of his retirement plan.
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on February 13, 1989. This union was appellant's fourth marriage and appellee's third marriage. No children were born as issue of the marriage.
During the course of the marriage, appellee earned retirement benefits under the Public Employees Retirement System ("PERS"). In addition, appellant and appellee purchased two years of employment credit toward the pension rights. On March 31, 1995, appellee retired from his position as a deputy sheriff due to heart trouble. Thereafter, he began receiving his retirement benefits under Plan D of the PERS.
On July 11, 1995, appellee filed a complaint for divorce in the Guernsey County Court of Common Pleas. The matter came on for hearing as a contested divorce before the magistrate on April 5, 1996. On May 21, 1996, the magistrate filed his Decision and Decree of Divorce. In his decision, the magistrate found:
 Since the Plaintiff [appellee] has elected to receive his retirement benefits under Plan D of the PERS Retirement System. [sic] The Defendant [appellant] herein is entitled to receive a 50% share of those benefits which are being paid as a result of the benefits earned during the period of this marriage, plus the two purchased years. This plan provides a joint survivorship annuity payable throughout the Plaintiff's lifetime, and the same annuity benefit are [sic] to be paid to the beneficiary should she survivor [sic] the member for her lifetime. Her share of the survivorship benefits which was earned during the marriage, and the two purchased years should be preserved by the Court's Order as well. Each parties's share should be subject to it's own tax liability.
The decision also directed appellant's attorney to prepare the necessary Qualified Domestic Relations Order ("QDRO") implementing the provisions of the aforementioned finding. Via Judgment Entry attached to the Magistrate Decision and Decree of Divorce, the trial court incorporated by reference the findings and recommendations of the magistrate, and ordered the decision to be made the judgment of the court unless either or both parties filed timely written objections to the magistrate's report.
On June 4, 1996, appellant and appellee filed objections to the magistrate's decision. With respect to the PERS retirement plan[1], appellee objected to the magistrate's handling of the division of the benefits. Specifically, appellee objected to appellant's remaining a beneficiary to the retirement plan after his death. In their objections, both appellant and appellee noted the ordering of the QDRO was improper because PERS does not permit the application of a QDRO to the benefits paid.
Via Entry dated June 6, 1996, the trial court found the objections filed by both parties requested clarification of the magistrate's findings of fact and decision; therefore, the court returned the objections to the magistrate with instructions to file a further decision/report. In a decision dated July 16, 1996, the magistrate found appellee's objection had no merit. In clarifying his earlier finding, the magistrate stated, "The Defendant is entitled to be a beneficiary for only that part of the after death entitlement earned during the period of the marriage herein. All other after death entitlement included in the Plaintiff's pension program may be assigned as he sees fit." July 16, 1996 Magistrate Decision, Finding 1(C). With regard to the objections raised about the issuance of a QDRO, the magistrate found "no evidence (was) presented that a QDRO may not be applied to a Policeman's Pension Plan in the interest of spousal rights."Id.
Via Judgment Entry dated July 16, 1996, the trial court adopted the magistrate's decision. Thereafter, on July 30, 1996, appellee filed objections to the July 16, 1996 magistrate's decision, which included an objection to the magistrate's calculations in determining the amount of the monthly PERS benefit to which appellant was entitled. The issue of the appropriateness of a QDRO was again raised. Via Entry dated August 22, 1996, the trial court returned the objections to the magistrate with instructions to file a supplemental decision.
In his decision dated September 10, 1996, the magistrate found "no evidence that PERS has or will reject a QDRO in this case." September 10, 1996 Magistrate Decision, Finding of Fact, para. 1. The magistrate further found the QDRO would "preserve the rights of the Defendant to participate in the Plaintiff's joint survivorship annuity plan during his lifetime, and a beneficiary as his survivor during the remainder of her lifetime at the rate earned by the Defendant during the course of this marriage, and as a result of the two additional years purchased."Id. Thereafter, the magistrate denied all of appellee's objections. On September 23, 1996, appellee again filed objections to the magistrate's decision, which the trial court denied without a hearing via Entry dated November 14, 1996. In the same entry, the trial court adopted the magistrate's decisions of July 16, 1996, and September 10, 1996, as the judgment of the court. On January 27, 1997, the QDRO was filed.
Subsequently, on June 12, 1997, appellee filed a motion requesting the court to issue an order requiring PERS to change the beneficiary of his retirement plan. In his memorandum in support, appellee stated PERS refused to enforce the QDRO. Appellee argued he had designated appellant as the beneficiary of his retirement monies prior to the trial court's decision in the matter and, if he were to become deceased, appellant would receive all of the proceeds for the remainder of her lifetime. Appellee explained, pursuant to the court's decision, appellant was only entitled to $199.21 per month of the pension for her lifetime. Via Entry dated July 11, 1997, the trial court granted appellee's motion and ordered PERS to permit appellee to change the beneficiary of his retirement plan.
It is from this entry appellant prosecutes this appeal raising the following assignments or error:
 I. THE COURT ERRED IN PERMITTING THE PLAINTIFF TO CHANGE THE BENEFICIARY OF HIS RETIREMENT PLAN IN THAT SAID CHANGE CONSTITUTED MODIFICATION OF THE DIVISION OF MARITAL PROPERTY.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT DUE PROCESS TO THE APPELLANT BY FAILING TO SET THE MATTER FOR HEARING IN WHICH EVIDENCE COULD BE PRESENTED SETTING FORTH THE RAMIFICATIONS OF WHAT THE APPELLEE WAS SEEKING TO DO.
 I
In her first assignment of error, appellant contends the trial court erred in permitting appellee to change the beneficiary of his retirement plan as such change constituted a modification of the division of marital property.
"A domestic relations court lacks jurisdiction to re-visit the division of property of divorce . . . unless its final judgment or decree contains an express reservation of continuing jurisdiction." Schrader v. Schrader (1995), 108 Ohio App.3d 25,28 (Citation omitted).
Herein, the parties do not dispute the fact the division of property is not modifiable post-decree. However, the parties do dispute whether the trial court's granting of appellee's motion constituted a modification of its previous division of the marital property. We agree with appellant the change of beneficiary of appellee's retirement plan constituted a modification of the division of marital property.
Pension or retirement benefits earned by either spouse during the course of the marriage are marital assets and a factor to be considered in arriving at an equitable division of marital property. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 132; Hoytv. Hoyt (1990), 53 Ohio St.3d 177, 178; Bisker v. Bisker (1994),69 Ohio St.3d 608, 609; R.C. 3105.171(A)(3)(a)(I). Accordingly, the trial court properly determined the PERS pension benefits earned by appellee during the course of the parties' marriage constituted marital assets subject to equitable division.
On January 27, 1997, the QDRO signed by the trial court and approved by the parties was filed. The QDRO, which names appellee as the plan participant and appellant as the alternate payee, provides, in part:
 Section 4. From the benefits which would otherwise be payable to the Plaintiff/Participant under the Plan, the Participant shall assign to the Alternate Payee, to a monthly benefit equal to fifty percent (50%) of 8/23 of the Participant's gross benefit in the Plan effective May 21, 1996. Said amount shall increase in the event of periodic cost of living adjustments (COLA's).
 Section 5. The Alternate Payee shall be entitled to receive this monthly amount as part of the property division payable during the life of the Participant and to continue on after the death of the Participant throughout the natural life of the Alternate Payee.
 Qualified Domestic Relations Order dated January 27, 1997.
The trial court ordered and issued the QDRO to effectuate its division of appellee's retirement benefits. With respect to these benefits, the trial court determined an equitable division of the PERS account resulted by awarding appellant a 50% share of the benefits earned during the period of the parties' marriage, plus the two purchased years of employment credit. The benefits earned during the marriage represented 8/23 of appellee's gross benefit in the Plan.
In his motion to change the beneficiary, appellee requested "the Court issue an order requiring the PERS to change the beneficiary of the retirement benefits of the Plaintiff." June 12, 1996 Motion. (Emphasis added). Appellee continued, "The Defendant would still be entitled to her share of these benefits for her lifetime. However, the Plaintiff should be able to so designate who would receive his portion of these benefits." Id.
(Emphasis added). In its July 11, 1997 Entry granting appellee's motion, the trial court ordered "PERS to permit the Plaintiff to change the beneficiary of his retirement plan." July 11, 1997 Entry. The language of the entry does not limit appellee's ability to designate a beneficiary only to his portion of the benefits. Rather, the general language gives appellee the unfretted right to designate a beneficiary of all the benefits.
The practical effect of the trial court's granting of appellee's motion is to modify the original division of marital property. Because the trial court did not have jurisdiction to modify the division of marital property, we find the court erred in granting appellee's motion to change the beneficiary of his retirement plan.
Accordingly, appellant's first assignment of error is sustained.
In light of the fact PERS has rejected the January 27, 1997 QDRO, issued pursuant to the trial court's November 14, 1996 Entry and based upon the trial court's erroneous belief PERS would accept the QDRO, we reverse the entry of the trial court granting appellee's motion to change the beneficiary; vacate the portion of the Decree of Divorce dealing with the division of appellee's pension as it unlawfully provides for a QDRO; and remand the matter to the trial court for redetermination of the issue of the division of marital property.
 II
In light of our disposition of appellant's first assignment of error, we find appellant's second assignment of error to be moot.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is reversed in part; vacated in part and remanded to the trial court for further proceedings in accordance with this opinion and the law. Costs assessed to appellee.
[1] This is the only objection relative to the issue on appeal.