OPINION
Defendant-appellant Lee H. Talley appeals the May 28, 1998 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, overruling his objections to the April 24, 1998 Magistrate's Decision and adopting said Decision as its judgment. Plaintiff-appellee is Charlene D. Talley.
 STATEMENT OF THE FACTS AND CASE
Appellant and appellee were married on March 8, 1964, in Duncan Falls, Ohio. Three children were born as issue of the marriage. The children are now emancipated. On October 26, 1993, appellee filed a complaint for divorce in the Muskingum County Court of Common Pleas, Domestic Relations Division. The parties were divorced by virtue of a Final Agreed Judgment Entry and Decree of Divorce, filed May 23, 1994, and amended June 9, 1994. The divorce decree provided for the division of appellant's retirement benefits between the parties pursuant to a QDRO plan and separate entry filed subsequent to the filing of the decree. On May 26, 1995, a QDRO was prepared and filed with the court. Paragraph 8 of the QDRO, addressing the retirement benefits, states:
 Payments shall continue to Former Spouse for the remainder of Employee's lifetime, however, should Former Spouse remarry or predecease the Employee, then such benefits shall be immediately and fully restored to the Employee following such Former Spouse's death.
On September 30, 1996, appellant retired. Appellee remarried on October 18, 1996. Thereafter, appellant notified appellee her portion of the retirement benefits would not be disbursed because of her remarriage. On November 27, 1996, appellee filed a Motion to Amend Qualified Domestic Relations Order requesting the trial court modify the QDRO on the basis the sentence, "should Former Spouse remarry," was inadvertently added to Paragraph 8 of the Order.
On December 30, 1996, appellant filed a Motion to Dismiss and for Attorney Fees. The magistrate conducted a hearing on January 14, 1997. Via Magistrate's Decision dated January 15, 1997, the magistrate concluded Paragraph 8 of the QDRO was clear and unambiguous. The magistrate found, although appellee had remarried, she was entitled to her portion of the retirement benefits during appellant's lifetime. The magistrate explained, "Upon [appellee's] death, these [retirement] benefits are to be immediately and fully restored to [appellant], rather than passing to [appellee's] estate or heirs." January 15, 1997 Magistrate's Decision at para. 6. Appellant filed timely objections to the decision, which the trial court overruled on March 31, 1997. Appellant appealed the decision to this Court. This Court determined the trial court was without jurisdiction and vacated the trial court's interpretation of Paragraph 8 of the QDRO.Talley v. Talley (Oct. 24, 1997), Muskingum App. No. CT97-0014, unreported.
On November 3, 1997, appellee filed a Motion for Declaratory Judgment asking the trial court to declare the rights of the parties with respect to the retirement benefits divided by the QDRO. On November 14, 1997, appellant filed a Response and Motion to Dismiss, which the magistrate denied on February 24, 1998. Appellant filed timely objections the magistrate's decision. The trial court did not rule on these objections.
The magistrate conducted a hearing on appellee's motion for declaratory judgment on March 19, 1998, to determine whether the QDRO contained a clerical mistake which the trial court could correct pursuant to Civ.R. 60(A). After the hearing, the magistrate found Paragraph 8 of the QDRO contained a drafting or clerical error which caused the order to erroneously reflect the agreement of the parties as approved by the trial court. Via Magistrate's Decision dated April 24, 1998, the magistrate ordered the language corrected to remove the specification regarding appellee's remarriage. The magistrate found appellee's motion for declaratory judgment rendered moot as a result of the court's disposition of the matter.
Appellant filed timely objections to the Magistrate's Decision, which the trial court overruled on May 28, 1998. Via Judgment Entry dated the same, the trial court adopted the Magistrate's Decision as its judgment.
It is from this Judgment Entry appellant prosecutes this appeal raising as his sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT THE INSERTION OF THE WORDS "OR REMARRIAGE" INTO THE LANGUAGE OF THE QDRO WAS A CLERICAL ERROR WHICH COULD BE CORRECTED BY CIVIL RULE 60(A).
This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
In his sole assignment of error, appellant maintains the trial court abused its discretion in finding the remarriage language contained in Paragraph 8 of the QDRO to be a clerical error, which the court could correct pursuant to Civ.R. 60(A).
Initially, we note pension and retirement benefits acquired by either spouse during the course of the marriage are marital assets which must be considered in arriving at an equitable division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609.
A plain reading of Paragraph 8 as set forth supra, reveals the provision is internally ambiguous. The exception to wife's right to a portion of the benefits begins, "however, should Former Spouse remarry or predecease the Employee", but concludes, "such benefits shall be immediately and fully restored to the Employee following such Former Spouse's death."
If a judgment entry is ambiguous, a trial court always retains jurisdiction to interpret and correct the order. Although we disagree with the characterization of the insertion of the remarriage language as a clerical mistake, and with the trial court' adoption of such rational via its approval of the Magistrate's Decision, nonetheless, we find, given the internal inconsistency of Paragraph 8, the trial court retained inherent authority to resolve any ambiguity in the QDRO.
Because the QDRO is a marital asset, as opposed to spousal support, we find the remarriage of appellee should not divest her of her portion of said asset.
Appellant's assignment of error is overruled.
The judgment entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.