OPINION
{¶ 1} Plaintiff-appellant Cynthia Ann Norris appeals from the decision of the Mahoning County Common Pleas Court, Domestic Relations Division which divided tax refunds and tax liabilities equally between her and her former spouse defendant-appellee Mark Anthony Norris. The issues in this case concern the effect of filing separate tax returns and of using a tax return that has not yet been filed to determine tax liability. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF FACTS {¶ 2} Ms. Norris filed for divorce in January 2000 after almost fifteen years of marriage which produced two children. Mr. Norris moved out of the marital abode in May of 2000. Hearings on various issues were held in the beginning of 2001. The parties agreed on spousal support, a shared parenting plan, a marriage termination date of June 30, 2001, and the division of most property. One issue which the parties could not resolve and which was left for the court to decide was the division of tax refunds received by Ms. Norris for the 1999 and 2000 tax years and tax liabilities incurred by Mr. Norris for those same tax years.
 {¶ 3} Ms. Norris filed her federal and state income tax returns for 1999 and 2000 under the status of married filing separately. In 2000, she received a federal refund of $1,334 and state refund of $226 for the 1999 tax year. In preparing her return, she claimed as a deduction half of the interest paid on the parties' first home mortgage; she also claimed one of the parties children and a $720 joint gift to charity. In 2001, she received a federal refund of $2,226 and a state refund of $225 for the 2000 tax year. Ms. Norris again claimed one of the children, even though Mr. Norris had been ordered by the court to pay two-thirds of the support for both children pendente lite.
 {¶ 4} During those tax years, Mr. Norris received income and commissions from an employer from which taxes were withheld. However, he also received bonuses and renewal premiums from a former business operation from which taxes were not withheld. According to his proposed income tax returns, he owed $1,937 for the 1999 tax year and $4,102 for the 2000 tax year. However, he had not yet filed his returns because he wished to avoid immediate garnishment of his wages during the period of uncertainty pending the divorce.
 {¶ 5} In her proposed findings of fact and conclusions of law, Ms. Norris argued to the trial court that Mr. Norris should be liable for his own tax liability. She did not address the issue of her tax refunds. In the proposed findings of fact and conclusions of law filed by Mr. Norris, he argued that he should receive one half of the refunds received by Ms. Norris and that she should pay one half of the tax liability that he incurred. He noted that he was not seeking to hold her jointly liable for any interest or penalties which would be imposed by the IRS due to his untimely filing.
 {¶ 6} At trial, Mr. Norris stated that Ms. Norris refused to discuss the returns with him prior to filing. He noted that filing jointly would have produced the most tax savings. (Tr. 23). Ms. Norris testified that the parties filed separately from 1990 until 1996 but that they filed jointly in 1997 and 1998. She admitted that she did not care if his tax liability increased due to her unilateral choice to file separately and to claim one of the children. She claimed that she did not trust Mr. Norris to properly file his taxes and filed separately to avoid punishment from the IRS. (Tr. 57).
 {¶ 7} The accountant hired by Ms. Norris as an expert witness testified that he believed that the tax liability owed by Mr. Norris for 1999 was closer to $12,000, rather than the $1,937 figure estimated by Mr. Norris. (Tr. 98). As for the 2000 tax year, he stated that he believed the liability would be somewhat higher than the $4,102 calculated by Mr. Norris but that this figure was "substantially correct." (Tr. 111).
 {¶ 8} On August 27, 2001, the court filed its findings of fact and conclusions of law. In pertinent part, the court determined that the parties should equally split both the tax refunds and the tax liabilities. The court noted the unilateral filing on the part of Ms. Norris. The court explained that both the refund and the liability were from income generated during the marriage, and thus, the refunds were marital assets and the liabilities were marital debts. The court stated that the liability of Ms. Norris for the tax debts would be capped at the figures set forth in the proposed returns of Mr. Norris. The court noted that although the figures may be in dispute, there is no dispute that taxes are owed and that they will at least equal the figures in the proposed returns. Ms. Norris filed timely notice of appeal.
 ISSUES {¶ 9} Ms. Norris presents three issues for our review, all of which could fall under a sole assignment of error alleging that the court erred in equally dividing the tax refunds and tax liabilities. Specifically, Ms. Norris contends as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN REQUIRING WIFE TO PAY ONE-HALF OF HUSBAND'S PERSONAL TAX LIABILITY FOR TAX YEARS 1999 AND 2000 IN LIGHT OF THE PARTIES CUSTOM OF SEPARATE TAX FILING PERIODICALLY DURING THE COURSE OF THEIR MARRIAGE."
 {¶ 11} "THE TRIAL COURT ERRED IN REQUIRING WIFE TO PAY ONE-HALF OF HUSBAND'S PERSONAL TAX LIABILITY FOR TAX YEARS 1999 AND 2000 WHEN, IN FACT, THERE IS NO EVIDENCE THAT HUSBAND HAS FILED OR WILL EVER FILE THESE TAX RETURNS."
 {¶ 12} "THE TRIAL COURT ERRED IN REQUIRING THE APPELLANT TO SHARE EQUALLY WITH THE APPELLEE THE INCOME TAX REFUNDS RECEIVED FOR TAX YEARS 1999 AND 2000."
 {¶ 13} In constructing a property division, the court must divide the marital assets and liabilities among the parties. Pursuant to R.C.3105.171(C)(1), this division shall be equal unless an equal division would be inequitable, in which case the trial court shall determine a division that is equitable. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. The court's decision on division of property shall not be disturbed by the appellate court absent an abuse of discretion as the appellate court is not permitted to substitute its judgment for that of the trial court. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131 (also noting that the trial court's discretion is exercised by viewing the totality of the circumstances).
 {¶ 14} A marital asset is defined as an asset acquired during marriage by either party regardless of which party currently owns it, subject to certain non-applicable exceptions. R.C. 3105.171. There is no dispute that the tax refunds constituted money earned by Ms. Norris during the marriage, withheld by the government, and held for later distribution (which, incidentally, was still during marriage). See Fryev. Frye (Mar. 31, 1994), 10th Dist. No. 93APF09-1218 (stating that a tax refund is a marital asset). There is also no dispute that the tax liabilities were incurred during the marriage. See Webb v. Webb (Nov. 30, 1998), 12th Dist. No. CA97-09-167 (affirming award of one half of total tax liability to wife and noting that she reaped some benefits of husband's as yet tax-free income during marriage). The court must distribute both the tax refund and the tax liability in the property division. See, e.g., Noll v. Noll (June 7, 2000), 9th Dist. No. 98CA007042 (holding that court abuses its discretion by failing to distribute tax refund or liability).
 {¶ 15} We note, in response to appellant's side suggestion, the filing of separate returns from 1990-1996 need not be characterized as a "custom." The parties were married in 1985 and did not file separately the first five years of their marriage. They did not continue this "custom" in 1997 or 1998, the more recent and thus more relevant years. It was only after Ms. Norris filed for divorce that she unilaterally reinstituted her "custom."
 {¶ 16} Notwithstanding, the filing of separate returns does not affect the status of the refund or liability. See, e.g., Andrew v.Andrew (Dec. 23, 1997), 3rd Dist. No. 7-96-04 (affirming award of one half of husband's tax liability to wife who filed separately). As the above-cited case law instructs, if a refund or liability resulted from income generated during marriage, there is no reason for the trial court to determine that such is anything other than a marital asset or marital debt, respectively.
 {¶ 17} Regardless of when Mr. Norris files the returns, there exists a tax debt to the government that was incurred during the marriage. Contrary to another side argument by appellant, when and if he files is his problem, and the fact that he may not immediately file after she pays him is not her concern but just costs him more in interest and/or penalties.
 {¶ 18} Finally, a person may file her taxes as she chooses; however, if she unilaterally files separately, causes a larger tax liability for her husband, and is in the process of getting divorced, then she may find that the court in its discretion orders her to pay not only half of the marital tax liability but also the excess portion that is due to her unilaterally filing separately. Here, Ms. Norris was only ordered to pay half of the marital tax liability. In fact, she was only ordered to pay half of the amounts as calculated by Mr. Norris. If her expert is correct, then she was only ordered to pay 4% of the actual tax liability for 1999 and less than half of the liability for 2000. The court's resolution of this issue only worked to the benefit of Ms. Norris. The resolution is not unreasonable as the existence of these tax liabilities was conceded; only the amount owed was disputed.
 CONCLUSION {¶ 19} The tax refunds were marital assets which the court had the discretion to divide equally. The tax liabilities were marital debts which the court likewise had the discretion to divide equally. We fail to see an abuse of discretion in this case. See Miller v. Miller (Jan. 2, 1997), 9th Dist. No. 17711 (affirming an equal split of husband's tax refund and wife's tax liability where parties filed separately), citingRockwell v. Rockwell (Jan. 2, 1992), 9th Dist. No. 15160.
 {¶ 20} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.