DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kimberly A. Flesher, appeals from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, which denied her objections and adopted a magistrate's recommendation on the award of spousal support. We affirm.
 I. {¶ 2} Ms. Flesher was divorced from Appellee, Raymond D. Flesher, in June 2003, after almost 20 years of marriage. Mr. Flesher is employed full-time at an income of approximately $32,895 per year. Ms. Flesher's annual income is approximately $4,112 as a part-time school crossing guard. Ms. Flesher suffers from multiple sclerosis, which inhibits her ability to work and creates a severe medical burden. As part of the divorce proceeding, the court considered these relative incomes, to calculate and award child support and spousal support.
 {¶ 3} Based on its findings, the magistrate recommended a child support award of $466.53 per month and a spousal support award of $458.33 per month, all plus two percent interest, for a total of $951.74 per month. Ms. Flesher objected to this recommendation, and sought additional support. The trial court reviewed the record and adopted the magistrate's recommendation, thereby denying Ms. Flesher's objections.
 {¶ 4} Ms. Flesher now appeals from the trial court's decision on the amount of spousal support. She asserts a single assignment of error for review.
 II. Assignment of Error
"The trial court abused its discretion in awarding wife only $458.33 per month in spousal support."
 {¶ 5} Ms. Flesher asserts that the trial court erred in its award of spousal support, alleging that the trial court erroneously departed from the statutory scheme in utilizing a financial plan and in refusing to award more money, despite Ms. Flesher's demonstrated need, by recognizing that the resulting award equalized the incomes of the parties. We disagree.
 {¶ 6} Decisions regarding the spousal support obligations are within the discretion of the trial court and will not be disturbed without an abuse of discretion. Bisker v. Bisker
(1994), 69 Ohio St.3d 608, 609. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable,"Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Id.
 {¶ 7} The spousal support statute, R.C. 3105.18, prescribes 14 factors that a court must consider in determining spousal support, including: "Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n). In this case, the trial court expressly found it relevant that the amount awarded to Ms. Flesher would "nearly equalize the incomes" and to award more would "leave [Mr. Flesher] without funds to support himself and that is not appropriate and reasonable." As the decision to consider this factor was within the discretion of the trial court, we can find no abuse of discretion in this case. See Bisker, 69 Ohio St.3d at 609; Blakemore,5 Ohio St.3d at 219; Pons, 66 Ohio St.3d at 621.
 {¶ 8} Ms. Flesher's assignment of error is overruled.
 III. {¶ 9} Ms. Flesher's sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Beth Whitmore, P.J., Baird, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)