[Cite as *Favri v. Favri*, 2022-Ohio-2063.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

YVONNE E. FAVRI,

Plaintiff-Appellant,

v.

DAVID E. FAVRI,

Defendant-Appellee.

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CA 0955**

Civil Appeal from the
Carroll County Court of Common Pleas, Domestic Relations Division
of Carroll County, Ohio
Case No. 19 DRB 29317

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Jeffrey V. Hawkins*, Slater & Zurz, LLP, One Cascade Plaza, Suite 2210, Akron, Ohio 44308 for Plaintiff-Appellant and

*Atty. Maureen E. Stoneman*, 63 - 2nd Street, SW, P.O. Box 326, Carrollton, Ohio 44615 for Defendant-Appellee.

Dated: June 16, 2022

---

**Robb, J.**

{¶1} This is the second time this case has been before this court. In *Favri v. Favri*, 7th Dist. Carroll No. 20 CA 0945, 2021-Ohio-3588, we affirmed in part and reversed and remanded in part to the Carroll County Court of Common Pleas, Domestic Relations Division. We remanded on a singular issue and directed the trial court to fully assess whether a certain property became marital property subject to equitable division. *Id.*

{¶2} On remand, the trial court found the property was the separate property of Appellee, David E. Favri. (December 15, 2021 Judgment Entry.) Appellant, Yvonne E. Favri, appeals that decision and argues the trial court's conclusion that the property was the separate property of Appellee is against the manifest weight of the evidence and an abuse of discretion. For the following reasons, we affirm.

### Statement of the Case

{¶3} Appellant filed for divorce in May of 2019. The parties resolved most issues, but the trial court conducted a bench trial over a few contested matters in August of 2020. One of these issues was whether the home referred to as the Canton Road property was the separate property of Appellee or marital property subject to equitable division.

{¶4} The court, via its September 16, 2020 divorce decree, found the Canton Road property was the separate property of Appellee since his mother gifted it solely to him during the parties' marriage. Appellee and his mother, Shirley Favri Thompson, testified at trial that she gave the property only to him, which was supported by the fact that the deed was in his name only. Shirley testified that the Canton Road property had been owned by her family for years and that she gave it to Appellee as an advance on his inheritance after she suffered a stroke. (Tr. 180-181.) Appellee testified that the Canton Road property has been in his family since 1949 and that his mother gave it to him in May of 2018. He never transferred it to Appellant. (Tr. 54-55.)

{¶5} Appellant, on the other hand, testified that the property was intended to be a gift to both her and Appellee and that Appellee had tricked her by never putting the property in her name. (Tr. 25-27.)

Case No. 22 CA 0955

**{¶6}** In the parties' first appeal, we upheld the trial court's finding it was gifted solely to Appellee. But Appellant also argued that the property became a marital asset after Shirley gifted it to Appellee based on the fact that Appellee used the parties' marital funds to make substantial improvements to the home and because the parties took out a joint equity line of credit on the property, which was in both parties' names. Upon review, we found that the trial court had not sufficiently analyzed whether the Canton Road property was transformed into a marital asset (after it was gifted to Appellee) in light of the evidence presented at trial, and as such, we reversed and remanded on this issue. *Favri I, supra.* We directed the trial court "to consider relevant evidence as to whether a real estate parcel called the Canton Road property was actually marital property." *Id.*

**{¶7}** On remand, the court directed the parties to file competing briefs addressing the remanded issue. In Appellant's brief, she urged the court to find that the Canton Road property became marital property since the parties' marital funds were used to renovate and improve it and because the property was used to secure a joint line of credit in both parties' names.[1] No additional evidence was submitted on remand, and neither party requested an additional evidentiary hearing.

**{¶8}** The court subsequently issued its December 15, 2021 judgment, finding the property is Appellee's separate asset, concluding in part:

> 1. Defendant owns one parcel of real estate, located at 2294 Canton Road, Carrollton, Ohio 44615. This real estate has been owned by Defendant's family since 1949. This parcel of real estate was a gift from Defendant's mother which was an advance on his inheritance, and is thereby Defendant's separate property.
>
> 2. Defendant's mother transferred this property to Defendant on May 18, 2018.
>
> 3. The Canton Road property is valued at $195,000.00.

---

[1] Appellant did not argue on remand and she does not argue here that Appellee gifted her the Canton Road property after he received it as a gift from his mother. Thus, we do not analyze this issue or the factors from *Plymire v. Plymire*, 7th Dist. Noble No. 17 NO 0443, 2018-Ohio-2786, ¶ 47 (dealing with gifts from one spouse to another). App.R. 12(A)(1)(b) (court of appeals shall determine the appeal on the merits on the assignments of error).

4. The parties took out a joint equity line that was secured by a mortgage on the Canton Road property in November 2018. The balance owed on that equity line is $28,659.91.

5. The home equity line was used to pay off a motorcycle and a credit card, both of which were marital. The home equity line was not used to pay for household expenses or improvements to the property.

6. Plaintiff filed for divorce on May 31, 2019 and listed the date of separation on her Affidavit of Income and Expenses as April 26, 2019.

7. Defendant paid the equity line payments following separation of the parties.

8. Because Plaintiff lived in the home for such a short period of time prior to separation, only a small amount of marital funds were used to pay expenses related to the real estate, such as property insurance, property taxes, and the home equity line. As such, the Court finds that the separate property nature of the real estate was not subsumed by marital property.

9. At no time did Defendant add Plaintiff to the Deed of the property.

10. At no time did Defendant intend to give Plaintiff an ownership interest in 2294 Canton Road, Carrollton, Ohio 44615.

11. Because donative intent is not present, Defendant did not gift 2294 Canton Road, Carrollton, Ohio 44615 to Plaintiff at any point during the marriage and, therefore, the property remained Defendant's separate property at the time of the divorce.

* * *

Based upon the above Findings of Fact, as well as all of the evidence and testimony presented at Trial and the entire record herein, it is therefore,

ORDERED, ADJUDGED and DECREED that Defendant shall retain the real estate located at 2294 Canton Road, Carrollton, Ohio 44615, free and clear of all claims of Plaintiff, said real estate being Defendant's separate property and Defendant never having converted said property to marital during the marriage.

(December 15, 2021 Judgment Entry.)

Case No. 22 CA 0955

{¶9}  Appellant appealed and raises two assignments of error.

**Assignments of Error:  Marital vs. Separate Property**

{¶10}  Appellant's first assignment contends:

"The Trial Court Erred and Abused its Discretion in its Analysis of the Remand Issued by the 7th District Court of Appeals, Case No.:  2020 CA 00945."

{¶11}  Appellant's second assignment of error states:

"The Trial Court Erred in its Analysis of the Remand of the 7th District Court of Appeals, Case No.:  2020 CA 00945 as the Ruling was Against the Manifest Weight of the Evidence."

{¶12}  Because her assignments of error are interrelated, we address them together.  She argues the trial court abused its discretion in not deeming the Canton Road property a marital asset because it was improved with the parties' marital funds.  She claims that Appellee used the money from the sale of their prior marital home, referred to as the Chase Road property, to make improvements to the Canton Road property.  She also alleges that the fact that the Canton Road property was used to secure an equity line of credit for $30,000 in both parties' names shows it is a marital asset.  Last, she claims that because the court's decision on remand is against the manifest weight of the evidence, we should enter judgment declaring the Canton Road property a marital property subject to equitable division pursuant to App.R. 12(C).

{¶13}  As stated, we previously considered argumentation as to whether the Canton Road property was gifted solely to Appellee and held the court's decision in this regard was supported by clear and convincing evidence.  *Favri, supra*, at ¶ 4.  We found the court's decision lacking any analysis of whether the separate property thereafter became a marital property.  *Id.*

{¶14}  Trial courts have broad discretion when determining property awards in divorce cases.  *Berish v. Berish*, 69 Ohio St.2d 318, 319, 432 N.E.2d 183 (1982).  And reviewing courts should not substitute its judgment for the trial court absent a showing that the court's decision is unreasonable, arbitrary, or unconscionable.  *Bisker v. Bisker*, 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994).  "If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion."  *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998).

**{¶15}** Thus, we must affirm the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements * * *." *Id.* When determining whether competent, credible evidence exists, "[a] reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony." *Barkley v. Barkley*, 119 Ohio App.3d 155, 159, 694 N.E.2d 989 (1997), citing *In re Jane Doe I*, 57 Ohio St.3d 135, 566 N.E.2d 1181 (1991).

**{¶16}** R.C. 3105.171 governs the division of marital and separate property in divorce proceedings, and R.C. 3105.171(C)(1) requires courts to divide marital property equally, except in certain limited circumstances. A trial court is likewise required to disburse a spouse's separate property to that spouse, except in certain circumstances. R.C. 3105.171(D); *Plymire v. Plymire*, 7th Dist. Noble No. 17 NO 0443, 2018-Ohio-2786, ¶ 10.

**{¶17}** In fact, R.C. 3105.171(6)(b) states: "The *commingling* of separate property with other property of any type <u>*does not*</u> *destroy the identity of the separate property as separate property,* except when the separate property is not traceable." (Emphasis added.)

**{¶18}** Thus, commingled separate property *does not* become marital property "if the relevant financial and legal history of the property is traceable and shows that the separate nature of the property was maintained during the marriage. * * * Transmutation only occurs if there is commingling of separate and marital property *and* if the history of the separate property cannot be traced." (Emphasis added.) (Citations omitted.) *Akers v. Akers*, 7th Dist. Noble No. 14 NO 419, 2015-Ohio-3326, 40 N.E.3d 699, ¶ 13. This is referred to as the "source of the funds rule," and the "starting point for tracing the history of the property is determining the source of the funds." *Id.*, citing *Goodman v. Goodman,* 144 Ohio App.3d 367, 375, 760 N.E.2d 72 (7th Dist.2001) (noting that "the doctrine of transmutation has been replaced by the concept of traceability"). *Accord* ("commingling is no longer determinative. Instead, the traceability of separate property is the paramount concern.") *Iacampo v. Oliver-Iacampo*, 11th Dist. Geauga No. 2011-G-3026, 2012-Ohio-1790, ¶ 53.

**{¶19}** Here, the trial court determined that Appellee established the source of the funds for the Canton Road property sufficient to maintain its status as separate property. As indicated in *Favri I*, and consistent with Appellee's and his mother's testimony, the original source of the funds for the Canton Road property was Appellee's mother. She gifted it to him in May of 2018. Thus, the original source of the funds shows this was Appellee's separate property. In *Favri I*, this court remanded after finding a lack of analysis regarding whether the Canton Road property maintained its status as Appellee's separate property.

**{¶20}** Appellant first contends that the use of marital funds to make substantial home improvements destroyed the classification of the property as separate. Appellee testified at trial that they sold their jointly owned marital home, referred to as the Chase Road Property, in August of 2018, and the net proceeds were $158,814.53. (Tr. 59.) Appellant said that they spent all of the profits from the sale of the marital property on remodeling and building a large garage at Appellee's separate Canton Road property. (Tr. 24.)

**{¶21}** Appellee likewise confirmed in his testimony that the large percent of the Chase Road proceeds were spent on improving the Canton Road home. (Tr. 62.) Appellee also explained that he used the proceeds from the sale of his personal residence, or the Lake Mohawk property, to purchase and improve the Chase Road property. (Tr. 63-66.) This was not disputed. Consistent with this testimony, the trial court first subtracted $63,500 as Appellee's pre-marital personal property portion from the Chase Road property proceeds. *See Theriot v. Hetrick*, 8th Dist. Cuyahoga No. 109364, 2020-Ohio-6995, ¶ 40 (finding pre-marital equity in the residence continued to be wife's separate property). That left the remaining net marital proceeds from the sale of the Chase Road home of $94,814.53. $92,014.53 of that amount was deposited into Appellee's personal account and $2,800 was deposited into Appellant's checking account. The trial court then concluded that Appellee used the $92,014.53 to improve the Canton Road property. Thus, Appellant was entitled to half the net profits. (Sept. 16, 2020 Divorce Decree, p.3.) Consistent with this finding, it ordered Appellee to pay Appellant half the net profits "to equalize the amount of assets each party is receiving * *

\*.  Said Figure includes Plaintiff's share of the marital portion of the Chase Road property sale proceeds that she has not already received." (Sept. 16, 2020 Divorce Decree, p.16.)

{¶22}  Although improvements were made to Appellee's separate property with marital funds, Appellee and the trial court sufficiently traced the separate funds, detailed its findings, and awarded Appellant her one-half share of the marital funds used to make the improvements.  Because the history of these marital funds was accounted for, their use in improving the Canton Road property did not destroy the separate property nature of this asset.  *See Goodman v. Goodman*, 144 Ohio App.3d 367, 375, 760 N.E.2d 72 (2001) (the commingling of separate property with other property does not destroy the separate property status as long as the separate property can be traced).

{¶23}  As for the equity line of credit, it is undisputed the parties took out a joint line of credit secured by a mortgage on the Canton Road property and the loan proceeds were used to pay down marital debt, including paying off a loan for a motorcycle and a credit card.  The joint equity line of credit was not used to make home improvements. Consistent with the testimony, Plaintiff's exhibit 16 reflects that $24,550.92 was used to pay off a credit card and $5,441.08 was used to pay off a motorcycle loan to Freedom Financial. (Plaintiff's Ex. 16; Tr. 152.)  Further, Appellant's proposed findings of fact after the bench trial included the proposed statement of fact that the parties' joint equity line of credit was used to pay off approximately $30,000 in marital credit card debt.  (Td. 228.)

{¶24}  The total line of credit was $30,000, and of that amount, the parties owed $28,659.91 at the time the divorce was filed.  Further, Appellee made the payments during the proceedings and the repayment of this line of credit became his sole responsibility pursuant to the decree of divorce.  (Tr. 72; Defendant's Ex. N-1 & N-2; September 16, 2020 Divorce Decree.)  Thus, the use of Appellee's separate property as collateral to secure a joint marital line of credit did not affect the separate nature of the Canton Road property because the history of the funds was traced; the funds were not used to make improvements to Appellee's separate property; and the loan became Appellee's obligation via the final divorce decree.

{¶25}  Last, there are several references about the parties' use of the Canton Road property during their marriage and their payment of ordinary living expenses, such as utilities, taxes, and insurance, during that time at this property as affecting the separate

nature of the Canton Road property.  As stated, the trial court found in its judgment after remand:

> 8. Because Plaintiff lived in the home for such a short period of time prior to separation, only a small amount of marital funds were used to pay expenses related to the real estate, such as property insurance, property taxes, and the home equity line.  As such, the Court finds that the separate property nature of the real estate was not subsumed by marital property.

**{¶26}**  Consistent with the court's findings, the evidence confirms that this property was given to Appellee in May of 2018, and Appellant filed for divorce in May of 2019.  While the parties' marital funds were used to pay for ordinary living expenses during this approximate one-year period, this fact does not affect the status of the asset as Appellee's separate property.

**{¶27}**  The trial court traced the history of Appellee's separate funds to its root and determined that Appellee was gifted the property by his mother.  The funds were separate, and thereafter, the parties' use of the property and home improvements via marital funds did not destroy the classification of the property as separate.  R.C. 3105.171(6)(b); *Akers v. Akers*, 2015-Ohio-3326, 40 N.E.3d 699, ¶ 13 (7th Dist.).

## Conclusion

**{¶28}**  Because the trial court's decision is supported by some competent, credible evidence, we do not find an abuse of discretion.  *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998).  Thus, Appellant's assignments of error lack merit and are overruled.  Accordingly, we affirm the trial court's decision.

Waite, J., concurs.

D'Apolito, J., concurs.

Case No. 22 CA 0955

[Cite as *Favri v. Favri*, 2022-Ohio-2063.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division of Carroll County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**