OPINION
{¶ 1} Defendant-appellant Alonzo C. Rupert ("Alonzo") brings this appeal from the judgment of the Domestic Relations Court of Allen County ordering Rupert Realty and Associates, Inc. ("RRA"), a real estate agency, to be liquidated and the proceeds to be split equally between the parties.
 {¶ 2} On May 19, 1978, Alonzo and plaintiff-appellee Mary Jo Rupert ("Mary Jo") were married. During the marriage Alonzo and Mary Jo formed RRA with each of them owning one half of the stock. The parties agreed in November of 2001, that Mary Jo would manage RRA and Alonzo would manage Kingswood Inc., rental properties that the parties owned. On October 23, 2002, Mary Jo filed a complaint for divorce citing incompatibility.
 {¶ 3} A hearing was held on September 24 and 25, 2003. At the hearing, Alonzo presented the testimony of Blake Radcliffe ("Radcliffe"), a certified public accountant hired to provide a business evaluation of RRA. Radcliffe testified that he believed the fair market value of RRA was $83,528.00. This valuation presumed that RRA would continue in business until a buyer could be found, thus preventing the loss of good will. However, Radcliffe testified that he was not aware of any willing buyer for that amount. Radcliffe also testified that the net asset value method would provide a fair market value of $14,113.00. Alonzo testified that he had no interest in purchasing RRA.
 {¶ 4} Mary Jo presented the testimony of Steve Zender ("Zender"), the certified public accountant who had provided the accounting services for RRA. Zender testified that he believed the fair market value of RRA to be between $5,000 and $10,000. Mary Jo also testified that she would value RRA as the amount she would receive from the sale of the office furniture and computer systems in the property. Mary Jo did not have an idea as to what that amount would be. She also testified that she had no interest in continuing the corporation and wished for it to be dissolved.
 {¶ 5} On March 19, 2004, the trial court entered judgment granting the divorce on the grounds of incompatibility. The trial court also entered the following order.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that thecorporation named [RRA] is a marital asset in which Wife andHusband are the sole shareholders; that said corporation shallcease doing business as of February 29, 2004 and all assets ofsaid corporation, including but not limited to the officefurniture, furnishings and computers, shall be liquidated andthereafter said corporation shall be dissolved and each of theparties shall be responsible for paying one-half (1/2) of anycosts/expenses associated with the dissolution of saidcorporation; that pursuant to the Court's conference with theattorneys for the respective parties on February 25, 2004, Wifeshall have the first option to purchase any of said assets ofsaid corporation at a price mutually agreed to between theparties; that any of said assets which are not purchased by Wifeshall be sold at public auction and converted into cash; thatupon the sale of said assets the sale proceeds shall bedisbursed/distributed/paid in the following order: (a) any andall outstanding debts and obligations of said corporation shallbe paid, (b) any and all payroll taxes due and owing or thatbecome due and owing shall be paid, and (c) any and all saleproceeds then remaining, including but not limited to any and allcash in said corporation's accounts, shall be divided/distributedequally between the parties, with each party to receive as theirown, free and clear of any claims of the other, fifty percent(50%) thereof.
Judgment Entry, 17-18. Alonzo appeals from this judgment and raises the following assignment of error.
The trial court erred in ordering the liquidation of [RRA].
 {¶ 6} In his assignment of error, Alonzo argues that the trial court erred by denying him the value of the goodwill of an ongoing corporation by ordering RRA to be liquidated. A trial court has broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,635 N.E.2d 308. The decision of the trial court will not be overturned absent an abuse of discretion. Martin v. Martin
(1985), 18 Ohio St.3d 292, 480 N.E.2d 1112. An abuse of discretion connotes more than an error of law or judgment but rather a showing that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 7} In this case, the trial court heard the testimony of Radcliffe. The expert testified that he believed the fair market value was $83,528.00. However, this valuation was based on two assumptions. First, RRA must continue in operation and function as it had in the past. Second, there must be a ready, willing, and able buyer. The problem is that neither of these assumptions were met. RRA had been operated exclusively by Mary Jo since 2001. Mary Jo testified that she no longer had any interest in operating RRA. Also, Radcliffe admitted that he was not aware of any interested buyers. The other witnesses also testified that they had no knowledge of any interested buyers. Without those assumptions being met, that value cannot be considered accurate. This leaves the basic value of the assets, which Radcliffe testified was worth approximately $14,113.00.
 {¶ 8} This court notes that Alonzo claims that Mary Jo was operating a competing business prior to the judgment entry. However the record lacks any evidence to support this claim. Given the fact that there was no one willing to purchase RRA and neither party had an interest in operating it, the trial court could reasonably order that the business be liquidated and the proceeds split evenly. Thus, the trial court's judgment was not an abuse of discretion. The assignment of error is overruled.
 {¶ 9} The judgment of the Domestic Relations Court of Allen County is affirmed.
Judgment Affirmed.
 Shaw, P.J. and Rogers, J., concur.